## WATKINS et al. v. COTTON et al.

No. 27112.   May 4, 1937.

Preston S. Davis and F. F. Brewster, for plaintiffs in error.

Malcolm E. Rosser and Malcolm E. Rosser, Jr., for defendants in error.

BAYLESS, V. C. J.   A. B. Watkins, J. H. Barham, and P. J. Burford instituted an action in the district court of Tulsa county, Okla., against Fred Cotton, Margery M. Cotton, French Rayburn, and Mrs. C. F. Rayburn, as individuals, Woodland Oil Company, a corporation, and Addie Hayden, administratrix of the estate of Dr. E. Forest Hayden, deceased. No judgment was sought against the administratrix, for she occupied the same general position the plaintiffs did, but was unwilling to bring the action as plaintiff and, therefore, was joined as a defendant. A judgment was sought against the other defendants for damages. The cause was tried to the court without a jury, and the court rendered a judgment against the defendant corporation, and in favor of the other defendants.

When we speak of the defendants collectively hereinafter, we do not include the administratrix therein. Plaintiff Watkins died, but the appeal has been revived and is prosecuted by his representative in his behalf.

At this point we can eliminate the defendants Margery M. Cotton, French Rayburn, and Mrs. C. F. Rayburn by stating that the trial court did not commit error in rendering judgment in their favor. For judgment against them the plaintiffs rely upon the fact that they were stockholders in the Woodland Oil Company and therefore jointly liable with it in the venture. There is no testimony to show that these individual defendants joined in the action of the company in making the contract with the plaintiffs; nor is there any evidence from which an inference can be drawn that they may have done so. The plaintiffs further rely for judgment against Margery M. Cotton and French Rayburn upon the fact that they, with Fred Cotton, were directors of the Woodland Oil Company and permitted its debts to exceed its capital stock and permitted said company to forfeit or lose its charter for noncompliance with the laws of Oklahoma. The cause of action sued upon by the plaintiffs is not a debt in the sense spoken of in our statutes and as contended by plaintiffs. Therefore, this did not constitute grounds for judgment against these defendants, and the court did not err in so holding.

The remainder of our opinion will be directed to the question of the liability of Woodland Oil Company and Fred Cotton, its president, for the breaches of the contracts made with plaintiffs. The first contract was in writing and was dated August 26, 1931. It was entered into between plaintiffs and Woodland Oil Company, and obligated the company to drill a well upon a block of leases in Red River county, Tex., owned by the plaintiffs. The issue of wheth-

74

er plaintiffs actually owned these leases is difficult to determine. Apparently .plaintiffs got together a block of leases. One of these leases is introduced in evidence, and to it is appended a list of leases which are said to comprise a block of ten or eleven thousand acres and which said listed leases are similar to the one introduced in evidence, except they are given by other lessors and cover other land. The lease introduced was executed April 22, 1931, and provided by its own terms that it should expire unless a well was commenced within four miles of the premises described therein on or before August 10, 1931. Therefore, since it is admitted that the contract between plaintiffs and the oil company was not executed until August 26, 1931, it is apparent that these leases had expired by their terms. January 20, 1932, another contract in writing was entered into between plaintiffs and Woodland Oil Company. By the terms of this contract it is recited that the oil company has breached the obligation of a contract made between the parties on the 9th day of December, 1931, and because of the breach the leases have been lost; and the parties plaintiff obligated themselves to obtain new leases and the oil company obligated itself to furnish the expense money and to drill a well upon the leased premises. The obligations which the company assumed under this lease were breached in every particular. It seems that the plaintiffs were constantly after Fred Cotton, president of the oil company, to obtain performance, but were never successful. A part of their cause of action is based upon oral statements made to them by Cotton in the course of the months they were dealing with each other. There is no written evidence in this record that Cotton ever undertook to bind himself individually in the performance of this contract, and on the contrary he executed all instruments as president of the oil company. We have carefully examined the testimony introduced in behalf of the plaintiffs concerning the oral statements made by Cotton, and when those statements are considered in connection with the contracts actually entered into, we cannot say that the trial court erred in finding that Fred Cotton did not bind himself individually thereby. For the same reasons spoken of before, we are of the opinion that Fred Cotton is not liable at law because of his position as an officer or director of the corporation in respect of its debts, nor because it has lost its charter to do business.

The trial court rendered a judgment against the Woodland Oil Company, and no appeal has been taken therefrom, nor is any complaint thereof made in this record. What we have said herein related to the individual defendants named.

The judgment of the trial court is affirmed.

OSBORN, C. J., and BUSBY, WELCH, PHELPS, and HURST, JJ., concur. RILEY, CORN, and GIBSON, JJ., absent.