**Frank HALL, Plaintiff in Error,**

v.

**SULLIVAN–DOLLARS, INC.,**
**Defendant in Error.**

**No. 42371.**

Supreme Court of Oklahoma.

May 19, 1970.

Bishop & Wantland, by William Bishop, Seminole, for plaintiff in error.

Charles Sims, Seminole, for defendant in error.

HODGES, Justice.

Involved in this appeal is an action filed by plaintiff against defendant, Frank Hall Trucking Company, a Corporation, and Frank Hall, as an individual, on an open account. The plaintiff alleged that both defendants were indebted to plaintiff for premiums due on insurance policies. The case was submitted to a jury and a verdict was returned in favor of plaintiff and against both defendants for the amount sued.

The trucking company admitted liability for the debt, and the only question presented on appeal is whether Frank Hall is personally liable for the debt.

Several years prior to this action, defendant Hall and another person started the trucking company under the name of Frank Hall Trucking Company. The company was incorporated from its inception. Defendant was general manager and handled the business affairs of the corporation.

After approximately one year of operation, defendant Hall approached the plaintiff about acquiring insurance coverage for the company. Hall testified the trucking company had taken out insurance with another agency, but that he was advised the agency's insurance underwriters were not on the approved list of certain companies with whom they did business, and for that reason desired to change agencies.

The evidence shows that plaintiff knew the trucking company was a corporation; that the insurance was taken out in the corporation's name; that invoices were sent to the corporation; and that they were paid from the corporation account. There is no testimony that Frank Hall told

plaintiff or any of its agents that he would assume personal liability for the insurance.

█ In most instances the officers of a corporation are not liable to its creditors or third persons for corporate acts or debts where they do not purport to bind themselves individually. 19 Am.Jur.2d Corporations § 1341.

In Leister v. Carroll County National Bank, 199 Md. 241, 86 A.2d 393, 31 A.L.R. 2d 657, the court said:

It has been held that the corporate entity cannot be disregarded so as to render one who is a stockholder, director and officer of the corporation personally liable for a loan to the corporation where there is nothing to support a contention that the former in fact guaranteed the loan or indorsed the note.

█ The act of Frank Hill in procuring insurance for the trucking company was a corporate act. A corporation can only act through its officers and agents. When those acts are within the power and purpose of the corporation the liability lies with the corporate structure. Plaintiff dealt with Hall with full knowledge of the corporate identity. There is no question but that the insurance was acquired for protection of the corporation. The facts in the present case do not call for a disregard of the corporate entity so as to hold Frank Hall personally liable.

Also included in the judgment was the sum of $69.17 for personal insurance acquired by Hall. Defendant Hall admitted in his answer that he was personally indebted to the plaintiff for this amount.

The judgment against Hall for the debts of the corporation is reversed with directions to enter judgment for defendant Hall. The trial court is further directed to enter judgment in the sum of $69.17 in favor of the plaintiff against the defendant Hall, that being the amount the defendant admits he personally owes the plaintiff.

All Justices concur.