Charles R. SEITSINGER, Jr., Appellant,

v.

DOCKUM PONTIAC INC., an Oklahoma Corporation, and V. Wendall Dockum, Appellees.

No. 81255.

Supreme Court of Oklahoma.

March 28, 1995.

Mark Shores, Baum & Shores, Oklahoma City, for appellant.

James H. Buxton, Edmond, for appellees.

SUMMERS, Justice.

This is a suit by an automobile buyer against the company that sold him the car and the company's owner. Plaintiff seeks, in the alternative, the remedies of rescission or damages for breach of warranty. He claims the defendants sold him a used car as new. The trial court granted summary judgment in favor of both defendants, and plaintiff appealed. The Court of Appeals affirmed and we have granted certiorari. The judgment is affirmed as to the owner individually, but reversed and remanded as to the dealership.

Charles Seitsinger bought a car from Dockum Pontiac Inc. which the sales contract represented as new. The odometer stated that the car had 184 miles at the time of sale. Within a short time it began giving him trouble, and he returned it to another dealership for service. He was told that the warranty had almost run out of time. When he questioned this the servicing dealership pulled a GM "DCS" for the car from the computer, which appeared to show that the car had been leased to "PEP/CO" prior to the sale to Seitsinger. Seitsinger then confronted Dockum Pontiac. The dealership claimed that to the best of its knowledge, the car was new when sold to Seitsinger, that General Motors had sent the dealership a new car rebate after its sale, and the odometer reading was consistent with that of a new car.

Seitsinger sued, and set out by way of discovery to establish the line of ownership of the car. He, through his counsel, sent interrogatories to Dockum Pontiac and General Motors. He did not receive full answers to his interrogatories, and subsequently filed two motions to compel with the trial court. The trial court apparently granted both motions to compel, and ordered that the defendant Dockum Pontiac and the third-party General Motors answer the questions in the interrogatories.[1]

---

1. The original record does not reflect an order of the trial court granting the motion to compel against the third-party General Motors. There is an order of the trial court granting the motion to compel against Dockum Pontiac. However, both parties seem to concur that the trial court, in a hearing, granted the plaintiff's motion to compel against General Motors. At the hearing to recon-

Prior to Dockum's responses to the interrogatories, Dockum Pontiac and V. Wendall Dockum, owner of the company, filed a motion for summary judgment. Seitsinger filed a response, containing both affidavits of his attorney and himself along with the DCS statement given to him by the servicing dealership. The trial court granted summary judgment in favor of Wendall Dockum, but granted a continuance as to the dealership in order that Seitsinger might be able to gain the information sought in his discovery requests. Two weeks later the motion came on for hearing, and was granted. Seitsinger objected, stating that he still had not obtained the information sought in his discovery requests, even after the trial court had granted his motions to compel.

In granting summary judgment to Dockum Pontiac, the Court stated that although Seitsinger had attached materials to his response opposing the motion for summary judgment, the materials did not contain evidence which would be admissible at trial and thus could not be considered. The court also granted attorney's fees to the defendants.

The Court of Appeals affirmed. Having earlier granted certiorari, we reverse in part and affirm in part.[2]

## SUMMARY JUDGMENT

■ Summary judgment is proper only when it appears that there is no substantial controversy as to any material fact, and that one of the parties is entitled to judgment as a matter of law. *Erwin v. Frazier,* 786 P.2d 61, 62 (Okla.1989). The trial court may look beyond the pleadings at submitted evidentiary materials such as, but not limited to, affidavits, depositions, and answers to interrogatories. *Hargrave v. Canadian Valley Elec. Co-op.,* 792 P.2d 50, 55 (Okla.1990); 12 O.S.1991, Ch. 2. App., Rule 13. All inferences must be taken in favor of the opposing party. *Manora v. Watts Regulator Co.,* 784 P.2d 1056 (Okla.1989). The moving party has the initial burden of showing that there

is no substantial controversy to any material fact. *Loper v. Austin,* 596 P.2d 544, 545 (Okla.1979). Thereafter, the opposing party must show, by materials included with the response, that there is a material fact remaining in dispute. *Samuel Roberts Noble Foundation, Inc. v. Vick,* 840 P.2d 619, 623 (Okla.1992); *Hargrave,* 792 P.2d at 55.

> As these considerations strongly suggest, summary judgments are not favored, *Love v. Harvey,* 448 P.2d 456, 462 (Okla.1968); and, they should be granted only where it is 'perfectly clear' that there are not issues of material fact in a case. . . .

*Erwin v. Frazier,* 786 P.2d at 62–63 quoting *Flanders v. Crane,* 693 P.2d 602, 605 (Okla. 1984).

## SUMMARY JUDGMENT AS TO V. WENDALL DOCKUM

Seitsinger urges that the trial court erred in granting summary judgment to Wendall Dockum individually, because Wendall Dockum, on occasion, had acted in his individual capacity rather than as a corporate entity. Specifically, Wendall Dockum had signed individually when he sold Dockum Pontiac Inc. Seitsinger attached to his response opposing the motion for summary judgment a copy of the sales contract for the sale of the company showing him in his individual capacity.

Wendall Dockum replies that he did not individually sell the vehicle to Seitsinger, and made no representations about it. He points out that his sale of Dockum Pontiac had nothing to do with the transaction between Seitsinger and Dockum Pontiac; in fact the sale of the company occurred almost two years later. His name in his individual capacity appears nowhere on the sales contract between Dockum Pontiac and Seitsinger.

■ The general rule is that the individual and the corporation are two separate and distinct legal entities. The distinction is not ignored unless it can be shown that there is a scheme to defraud. *Hulme v. Springfield Life Insurance Co., Inc.,* 565 P.2d 666, 670

sider the grant of summary judgment, the trial court makes reference to the discovery delays suffered by plaintiff and agrees that the trial court attempted to facilitate discovery from General Motors.

2. The style of this appeal has been corrected to conform to 20 O.S.1991 § 3002.

(Okla.1977).[3] Officers of a corporation are not generally liable to third persons if they act within the power and purpose of the corporation and do not purport to bind themselves individually. *Hall v. Sullivan–Dollars Inc.*, 471 P.2d 453, 455 (Okla.1970). The only way a corporation can act is through its officers, directors and employees. To permit liability when the officer is acting within the scope of the corporation would be, in essence, a total disregard of the corporate entity. *Id.*

As authority Seitsinger cites *Watkins v. Cotton*, 180 Okla. 73, 67 P.2d 957 (1937). We find that *Watkins* better supports the position of Wendall Dockum. There the issue was whether both the corporation and the corporate president were liable for breaches of contract. The contracts were between the plaintiff and the corporation. There was no written evidence that the president of the corporation intended to bind himself individually, or that he was acting outside the purpose and authority of the corporation. The trial court held that the president did not act to bind himself individually. We agreed, stating that the president "is not liable at law because of position as an officer or director of the corporation...." *Id.*, 67 P.2d at 958.

■ It is clear that the trial court correctly granted summary judgment in favor of Wendall Dockum. Seitsinger presented nothing to indicate that Wendall Dockum was acting so as to bind himself individually. In fact, the only way that Wendall Dockum was connected to the transaction was as the owner of Dockum Pontiac Inc. An employee of the company dealt with Seitsinger. Furthermore, Seitsinger did not allege, as required by *Hulme*, that the corporate veil should be pierced because of a scheme to defraud.

## SUMMARY JUDGMENT AS TO THE CORPORATION

The trial court also granted summary judgment to the corporation, Dockum Pontiac, Inc. The Court of Appeals affirmed,

noting that the documentation presented by Seitsinger in his response opposing summary judgment contained inadmissible hearsay. Seitsinger urges that under the language of *Davis v. Leitner*, 782 P.2d 924 (Okla.1989), his response was sufficient to avoid summary judgment.

■ Initially we note that the documentation provided by Seitsinger was not contested by Dockum Pontiac before the trial court ruled on the summary judgment motion. The record shows that the defendant did not question the validity of the attached exhibits until the plaintiff's motion to reconsider came before the trial court. When a party fails to timely object to the supporting documentation, the objection is waived and the evidence may be considered by the trial court. *Olympic Ins. Co. v. H.D. Harrison, Inc.*, 418 F.2d 669 (5th Cir.1969); *Cinocca v. Baxter Lab. Inc.*, 400 F.Supp. 527 (E.D.Okla.1975).[4]

Rule 13, Rules for District Courts, 12 O.S. 1991, Ch. 2, App., reads in pertinent part:

b. If the adverse party or parties wish to oppose the granting of the motion, they shall serve on the moving party and file with the court clerk within fifteen days after service of the motion a concise written statement of the material facts as to which he or they contend a genuine issue exists and the reasons for denying the motion. *The adverse party shall attach to the statement affidavits and other materials containing facts that would be admissible in evidence,* but the adverse party cannot rely on the allegations or denials in his pleading....

c. The affidavits that are filed by either party shall be made on personal knowledge, shall show that the affiant is competent to testify as to the matters stated therein, and shall set forth matters that are admissible in evidence. (emphasis added)

■ In *Davis v. Leitner, supra,* we examined Rule 13 to ascertain what material could

---

**3.** *Gulf Oil Corp. v. State*, 360 P.2d 933, 939 (Okla.1961); *Buckner v. Dillard*, 184 Okla. 586, 89 P.2d 326, 328 (1939). *See also Tara Petroleum Corp. v. Hughey*, 630 P.2d 1269, 1275 (Okla. 1981) (to ignore the separate legal existence of two distinct corporations, there must be shown a scheme to defraud).

**4.** Wright and Miller, *Federal Practice and Procedure*, § 2722, at p. 60–61 states that "[a]s is true of other material introduced on a summary judgment motion, uncertified or otherwise inadmissible documents may be considered by the court if not challenged. The objection must be timely or it will be deemed to have been waived."

be considered by the trial court on a motion for summary judgment. There, the defendant moved for summary judgment. The plaintiff filed a response which contained a letter from a potential witness which placed a material fact into dispute. The trial court refused to consider the letter because, in the form presented on summary judgment, it would have been inadmissible at trial. We reversed, holding that the letter must be considered. We stated that the "other materials" permitted by Rule 13 are not required to meet the "standard of competent, admissible evidence." *Id.* at 926. Rather "it is enough that these 'other materials' reasonably show the judge who is considering the motion that the party opposing the motion will be able at the time of trial to present competent admissible evidence to support the allegations." *Id.* Supporting documentation is sufficient if it shows a reasonable probability that there will be evidence presented at trial which warrant a jury's consideration. *Id.* at 927.[5]

■ Rule 13 specifically permits consideration of affidavits, pleadings, depositions, admissions and other evidentiary materials. *See Brown v. Oklahoma State Bank & Trust,* 860 P.2d 230, 233 (Okla.1993). The record reflects, and there is no allegation otherwise, that Seitsinger attached to his response opposing summary judgment the computer generated GM DCS printout, his affidavit explaining what the DCS statement showed, where he obtained it and how it was obtained.[6] He also attached his sales contract, showing that the car was represented to him as new. Dockum Pontiac complains that this is insufficient, even though it was Dockum Pontiac who delayed discovery by refusing to turn over requested information. (It continued to delay even after the trial court granted motions to compel against General Motors and Dockum Pontiac.)

Seitsinger's evidentiary materials appear to meet the *Davis* standard of showing that if the case goes to trial plaintiff will be able to produce admissible evidence to show a material fact in dispute. As to Seitsinger's affidavit, he can testify at trial as to under what circumstances he obtained the DCS statement. The DCS statement itself might be admissible if the proper foundation is laid. Additionally, he appears to have access to the testimony of a dealer who has stated the warranty period on the car had almost run. Summary judgment in favor of the dealership was error.

## ATTORNEY'S FEES

After the motion for summary judgment was sustained in favor of the two defendants, they made a motion for attorney's fees. Relying on 12 O.S.1991 §§ 939 and 1101, the motion was granted,[7] and fees were allowed in the amount of $1860.00.

■ Section 1101 cannot serve as the basis for an award of attorney's fees here. It applies when the plaintiff is seeking recovery of money only:

> The defendant, *in an action for the recovery of money only, may,* at any time before trial, serve upon the plaintiff or his attorney an offer in writing to allow judgment to be taken against him for the sum specified ... If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's cost from the time of the offer. (emphasis added)

---

5. Our holding in *Davis* is consistent with federal case law regarding its rule on summary judgment, Rule 56. *See, e.g., Oglesby v. Coca–Cola Bottling Co.,* 620 F.Supp. 1336, 1344 (D.C.Ill. 1985) (exhibits attached to a motion for summary judgment may be considered if they have a "prima facie aura of reliability"); *Reed v. Ford Motor Co.,* 679 F.Supp. 873, 874 (D.C.Ind.1988) (the evidence submitted on summary judgment does not require an unequivocal finding that it would be admissible at trial); *Olympic Ins. Co. v. H.D. Harrison, Inc.,* 418 F.2d 669 (5th Cir.1969) (evidence that had a "prima facie aura of reliability" could be considered by the trial court on a motion for summary judgment).

6. This Court need not consider evidentiary materials which were not before the trial court. *Mooney v. Young Mens Christian Association,* 849 P.2d 414 (Okla.1993); *Hadnot v. Shaw,* 826 P.2d 978 (Okla.1992). Here, however, all documentation was presented to the trial court.

7. The trial court states that it is not relying on Section 1101 to award attorney's fees, yet proceeds to quote the statute and cite it as authority. Therefore, we address the issue of whether Section 1101 can be the statutory basis for such award of attorney's fees.

While all parties seem to agree that the defendants made some sort of offer to settle, Seitsinger points out that the statute is inapplicable because his petition sought both money damages and rescission.[8]

In *Blackwell, E. & S.W. Ry. Co. v. Bebout,* 91 P. 877 (Okla.1907), this Court ruled that Section 1101's predecessor[9] did not apply to a condemnation proceeding, because that was an action in equity rather than for money only. Similarly, the present case is one in which the plaintiff seeks both legal and equitable remedies. Section 1101 is inapplicable because Seitsinger seeks alternative remedies, the equitable remedy of rescission and the legal remedy of money damages.

The second statute on which the trial court based the award of attorney's fees was 12 O.S.1991, § 939:

> In an civil action brought to recover damages for breach of an express warranty or to enforce the terms of an express warranty may under Section 2–313 of Title 12A of the Oklahoma Statutes, against the seller, retailer, manufacturer, manufacturer's representative or distributor, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, which shall be taxed and collected as costs.

It is undisputable that the attorney's fee granted in favor of Dockum Pontiac must be reversed, because the company is no longer the prevailing party. *See Hardesty v. Andro Corp.,* 555 P.2d 1030, 1039 (Okla.1976); *see also Arkla Energy Resources v. Roye Realty & Developing, Inc.,* 9 F.3d 855, 866 (10th Cir.1993). We are reversing the summary judgment and the case is being remanded for further proceedings against Dockum Pontiac. There is no prevailing party at this time because neither party has obtained an affirmative judgment. *Bullard's Oil Field Serv. v. Williford Energy Co.,* 839 P.2d 185, 189 (Okla.1992).

That leaves the issue of whether the attorney's fee awarded to Wendall Dockum is proper. First, we note that the order of the trial court made no apportionment between those fees awarded to Dockum Pontiac Inc. and those awarded to Wendall Dockum. Only a single sum of $1860.00 appears. As to Dockum individually, we have upheld summary judgment in his favor. *See Bullard's Oil Field Serv.,* 839 P.2d at 189. He is entitled to a counsel fee for services performed up to the time the summary judgment was granted. On remand the District Court shall make an apportionment of fees attributable to the defense of V. Wendall Dockum individually, and award that sum to Dockum.

### CONCLUSION

The judgment of the trial court is affirmed in part and reversed in part. The opinion of the Court of Appeals is hereby vacated, and the case is remanded for further proceedings in the District Court of Oklahoma County.

All Justices concur.

---

**8.** Seitsinger's amended petition states that he seeks "judgment against the Defendants in equity to place the parties in a position they were prior to the misrepresentation." In the alternative, he seeks money damages in excess of $10,000.00.

**9.** St.1903, Section 4715.