1998 OK CIV APP 159

**Todd FRANCE and Kimberly France, Plaintiffs/Appellants,**

v.

**CHAPRELL JEEP–EAGLE DODGE, INC., an Oklahoma Corporation, and Don Kite, Defendants/Appellees.**

**No. 91298.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 6, 1998.

Laura J. Corbin, D. Craig Shew, Smith, Shew, Scrivener & Corbin, P.C., Ada, Oklahoma, for Plaintiffs/Appellants.

George W. Braly, H. Buckmaster Coyne, Jr., Braly & Braly and Coyne, Ada, Oklahoma, for Defendants/Appellees.

BUETTNER, Presiding Judge.

¶1 Plaintiffs/Appellants Todd France and Kimberly France (the Frances) appeal from summary judgment granted to Defendants/Appellants Chaprell Jeep–Eagle Dodge, Inc. and Don Kite (Chaprell Jeep or Kite). The Frances filed suit alleging fraud after they discovered the new Dodge van they purchased from Chaprell Jeep had been partially repainted. Chaprell Jeep filed its motion for summary judgment arguing that, under the Motor Vehicle Disclosure Act (47 O.S.1991 § 1112.1), the van had not suffered "material damage" so that disclosure was not required. The trial court granted summary judgment to Chaprell Jeep and Kite. Because we find no substantial controversy as to any material fact, and because we determine that Chaprell Jeep and Kite had no duty to disclose the damage in the instant matter, we affirm summary judgment.

¶2 Summary judgment is proper where there is no substantial controversy of material fact and one party is entitled to judgment as a matter of law. *Seitsinger v. Dockum Pontiac, Inc.*, 1995 OK 29, 894 P.2d 1077; 12 O.S.1991 Ch. 2, App., Rule 13. The facts of this case are not in dispute. The Frances, of Greenwood, Arkansas, purchased a new 1997 Dodge Caravan from Chaprell Jeep, located in Ada, July 17, 1997. Kite was the salesperson for Chaprell Jeep. Ten days after the purchase, the Frances noted irregularities in the paint on the van. The Frances telephoned Kite who informed them the van had been damaged and repaired before the Frances purchased it. The Frances demanded that Chaprell Jeep exchange the van for an identical new van which had not been damaged. Chaprell Jeep declined to do so.

¶3 The Frances then filed their petition alleging Chaprell Jeep and Kite fraudulently induced them to purchase a damaged vehicle by failing to disclose the fact of the damage. The Frances further alleged that they would

not have purchased the van if they had known it had been damaged. The Frances alleged that Chaprell Jeep and Kite acted wilfully, maliciously, and in reckless disregard of the Frances' rights in concealing the repaired damage. The Frances asserted they were injured in the amount of the difference in value between a new, undamaged van, and a damaged and repaired van.

¶ 4 Chaprell Jeep and Kite answered with a motion for summary judgment. They alleged that it was undisputed that the van was new when it was purchased. Chaprell Jeep and Kite further asserted it was undisputed that before the Frances purchased the van, a scratch on the hood of the van had been repaired at a cost of $387.00. Finally, Chaprell Jeep stated that it was aware of and relied on 47 O.S.1991 § 1112.1 in determining it had no duty to disclose the damage and repair.

¶ 5 In their response to Chaprell's Jeep's and Kite's motion for summary judgment, the Frances agreed with Chaprell's Jeep's and Kite's statement of undisputed facts. The Frances argued, however, that they intended to plead an action for common law fraud and that compliance with 47 O.S.1991 § 1112.1 does not shield Chaprell Jeep and Kite from an action for common law fraud. We disagree for the following reasons.

¶ 6 Actual fraud is defined by statute as any of the following acts, committed by a party to a contract with the intent to deceive another or to induce him to enter the contract: 1) the suggestion as a fact of that which is not true by one who does not believe it to be true; 2) the positive assertion in a manner not warranted by the information of the person making it, of something which is not true, though he believes it to be true; 3) the suppression of that which is true, by one having knowledge or belief of the fact; 4) a promise made without any intention of performing it; or 5) any other acted fitted to deceive. 15 O.S.1991 § 58. Constructive fraud is defined as 1) any breach of a duty which, without an actually fraudulent intent, gains an advantage to the person in fault by misleading another to his prejudice; or, 2) any such act or omission which the law spe-

cially declares to be fraudulent, without respect to actual fraud. 15 O.S.1991 § 59.

■▬ ¶ 7 There is no allegation of affirmative misrepresentation. The Frances' claim is based upon a failure to disclose. In order to establish fraud by silence, there must have been a duty to speak. *Uptegraft v. Dome Petroleum Corp.*, 1988 OK ——, 764 P.2d 1350; *Barry v. Orahood*, 191 Okla. 618, 132 P.2d 645 (1942). Title 47 O.S.1991 § 1112.1 provides:

§ 1112.1. Motor vehicle dealers—Disclosure of certain vehicle damage

A. Every dealer shall disclose in writing to the purchaser of a new or previously unregistered motor vehicle, prior to entering into a contract for the vehicle or, if unknown at that time, prior to delivery of the vehicle, the following information:

1. Any material damage known by the dealer to have been sustained by the vehicle and subsequently repaired; and

2. Any damage, including but not limited to material damage or flood damage, known by the dealer to have been sustained by the vehicle and not repaired.

B. For purposes of this section, "material damage" means damage sustained by a motor vehicle as follows:

1. The damage required repairs having a value, including parts and labor calculated at the repairer's cost, exceeding three percent (3%) of the manufacturer's suggested retail price of the vehicle or Five Hundred Dollars ($500.00), whichever is greater. The replacement of damaged or stolen components, excluding the cost of repainting or refinishing those components, if replaced by the installation of new original manufacturer's equipment, parts, or accessories that are bolted or otherwise attached as a unit to the vehicle, including but not limited to, the hood, bumpers, fenders, mechanical parts, instrument panels, moldings, glass, tires, wheels, and electronic instruments, shall be excluded from damage calculation, except that any damage having a cumulative repair or replacement value which exceeds ten percent (10%) of the manufacturer's suggested retail price of the vehicle shall be deemed material damage;

2. The damage was to the frame or drive train of the motor vehicle;

3. The damage occurred in connection with a theft of the entire vehicle; or

4. The damage was to the suspension of the vehicle requiring repairs other than wheel balancing or alignment.

This statute establishes a duty upon dealers to disclose certain types of damage. Chaprell Jeep submitted an invoice from McNutt Body Shop Inc. for the repair of the scratch on the van. The invoice established that the repair cost $387.00. Accordingly, the damage to the vehicle was not material damage under the Oklahoma Vehicle License and Registration Act.

¶ 8 Despite the Frances' argument that 47 O.S.1991 § 1112.1 is irrelevant to their common law fraud claim, that statutory provision is a limit on common law fraud actions against motor vehicle dealers. *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 569, 116 S.Ct. 1589, 1596, 134 L.Ed.2d 809 (1996) (diversity of state statutes regarding disclosure of damage to vehicles illustrates that "reasonable people may disagree about the value of a full disclosure requirement."). Section 1112.1 was cited in *BMW of North America* along with other states' vehicle damage disclosure statutes. The Supreme Court noted that in formulating a disclosure law, states may consider various policy goals, including "providing a 'safe harbor' for automobile manufacturers, distributors, and dealers against lawsuits over minor repairs." *Id.* The Frances do not cite any other source of a duty to disclose in the context of this case. Under these facts, § 1112.1 furnishes the duty to disclose and establishes the parameters of the duty.

¶ 9 Additionally, our Supreme Court has held that to recover for fraud, a plaintiff must show intentional misrepresentation or concealment of a material fact which *substantially* affects another person. *Faulkenberry v. Kansas City Southern Ry. Co.*, 1979 OK ——, 602 P.2d 203, 206. (Emphasis sup-

plied). By enacting 47 O.S.1991 § 1112.1, the legislature established the minimum vehicle damage which, although repaired, "substantially affects another person." In *Faulkenberry*, the Court explained that an innocent misrepresentation may constitute constructive fraud "where there is an underlying right to be correctly informed of the facts." 602 P.2d at 206, note 6. The Frances do not allege that they asked Chaprell Jeep or Kite if the van had been damaged and that Chaprell Jeep or Kite answered falsely. Rather, the Frances adopted Chaprell's Jeep's and Kite's statement of undisputed facts which stated that Chaprell Jeep and Kite relied on § 1112.1 in not disclosing the damage to the van because the damage did not fit the "material damage" definition. The Frances assuredly had a right to receive a truthful answer if they had asked the question, but § 1112.1 did not require Chaprell Jeep or Kite to provide affirmative disclosure of the damage under the undisputed facts here.

¶ 10 Because the Frances have adopted Chaprell's Jeep's and Kite's statement of undisputed facts that they did not disclose the damage in reliance on § 1112.1, it is undisputed that Chaprell Jeep and Kite did not act recklessly or with malice in failing to disclose the damage and repair to the van. Based on Oklahoma law and the undisputed facts, Chaprell Jeep and Kite were under no duty to communicate the nonmaterial damage and repair to the van. Accordingly, there can be no fraud, actual or constructive. We therefore AFFIRM summary judgment.

ADAMS, J., concurs.

HANSEN, J., dissents.