188 P.3d 148 (2008)
2008 OK 64
Cynthia ASHIKIAN, Plaintiff/Appellee
v.
STATE of Oklahoma ex rel. OKLAHOMA HORSE RACING COMMISSION ex rel. Blue Ribbon Downs Board of Stewards, Defendants/Appellants.
No. 103,386.
Supreme Court of Oklahoma.
July 1, 2008.
*151 Neal Leader, Senior Assistant Attorney General, for Appellant.
Albert R. Matthews, Bonds & Matthews Law Firm, P.L.L.C., Muskogee, Oklahoma, for Appellee.[1]
OPALA, J.
¶ 1 The issue presented on certiorari is whether the Court of Civil Appeals (COCA) erred in affirming a trial judge's summary judgment for plaintiff/appellee, whose terms declare an order of the Blue Ribbon Downs Board of Stewards to be void for want of jurisdiction. We answer in the negative.

I.

THE ANATOMY OF LITIGATION
¶ 2 Cynthia Ashikian (Ashikian or trainer) trains and races horses for a living throughout the United States and Canada. In October, 2000 she was issued a license by the Oklahoma Horse Racing Commission (OHRC or Commission) and raced her horses at the Blue Ribbon Downs Race Track from 25 November through 10 December 2000. Her license expired by its own terms on 31 December of that year.
¶ 3 At the end of the season the race track claimed Ashikian owed $462.00 for stall rental. On 5 January 2001 the Board of Stewards (Stewards) for Blue Ribbon Downs sent her a letter apprising her of this unpaid liability.[2] The debt was not paid, and on 18 March the Stewards sent Ashikian notice to appear at a hearing to determine if she was in violation of the track's financial responsibility rules. The notice was sent by certified mail to the Houston, Texas address she provided the OHRC in her license application. It was not forwarded to her.[3] She failed to appear at the 18 April 2001 hearing. The Stewards' order, issued on her default, provides that she was "suspended/ineligible for licensing pending settlement of her financial obligation."[4]
¶ 4 In April, 2001 Ashikian was granted a racing license by the Iowa Racing and Gaming Commission (IRGC). She raced her horses there from April through June that year. Several of her horses earned prize money. In early July she learned of the action taken against her in Oklahoma. She tendered the amount due and was restored to *152 good standing with the OHRC. Pending settlement of this obligation, the Iowa Board of Stewards learned of the action taken against her in Oklahoma and ordered her to disgorge all monies won by her horses in Iowa.[5] The Iowa Department of Inspections and Appeals affirmed this order.
¶ 5 In May, 2002 Ashikian sought an order from the District Court, Sequoyah County, declaring the Stewards' order to be void and awarding her an attorney's fee and costs. She urged (1) she did not receive notice of the hearing[6] and (2) the Stewards' order was void for want of jurisdiction because (a) their jurisdiction over her matter had terminated and had not been timely extended and (b) they lacked authority to declare her to be "suspended/ineligible." The appellants (OHRC and the Stewards, represented by the Attorney General will be collectively referred to as appellants or state) responded by a motion to dismiss, urging Ashikian's claim was an impermissible collateral attack on an unappealed final order.[7] The trial court denied this motion, and its ruling is not tendered for our review. Ashikian then filed a motion for summary judgment asserting the Stewards' order is void for want of jurisdiction. The trial judge granted trainer's motion and awarded her costs and an attorney's fee.[8] COCA affirmed the decision.

II.

STANDARD OF REVIEW
¶ 6 Summary process is a special pretrial procedural track pursued with the aid of acceptable probative substitutes.[9] It is a search for undisputed material facts which, sans forensic combat, may be utilized in the judicial decision-making process.[10] Summary relief is permissible where neither the material facts nor any inferences that may be drawn from uncontested facts are in dispute, and the law favors the movant's claim or liability-defeating defense.[11] Only those evidentiary materials which eliminate from trial some or all fact issues on the merits of the claim or defense may afford legitimate support for nisi prius resort to summary process for a claim's total or partial adjudication.[12]
¶ 7 Summary relief issues stand before us for de novo review.[13] All facts and inferences must be viewed in the light most favorable to the non-movant.[14] Just as nisi *153 prius courts are called upon to do in deciding whether summary relief is warranted in the first instance, so also do appellate tribunals bear an affirmative duty to test for its legal sufficiency all evidentiary material received in summary process as support for the relief to be granted.[15] Only if the court should conclude there is no material fact (or inference) in dispute and the law favors the movant's claim or liability-defeating defense is the moving party entitled to the summary relief that is sought.

III.

COCA'S RULING AND THE ISSUE TO BE DECIDED ON CERTIORARI
¶ 8 COCA affirmed the trial judge's summary judgment for Ashikian and ruled the Stewards' order was void for want of jurisdiction. This was so because although the Stewards had the authority to prohibit the trainer from obtaining a new license, its jurisdiction had expired for want of a timely extension by the Commission. COCA's decision was bottomed on the provisions of OHRC Rule 325:1-1-7[16] whose terms deal with the Stewards' jurisdiction to suspend or fine. The pertinent terms of the rule provide "[i]n the event a dispute or controversy arises during a race meeting which is not settled within the Stewards' thirty-day jurisdiction, then the authority of the Stewards may be extended by authority of the Commission for the period necessary to resolve the matter, . . ." [emphasis ours] COCA agreed with the trial judge that the OHRC executive director's letter of 15 February 2001 that is relied upon as having extended the Stewards' jurisdiction was ineffective. The Stewards' jurisdiction to deal with the matter before them ceased on 9 January 2001 (30 days after the race meeting) and could not be "revived" in accordance with the provision's terms.[17] The order hence was devoid of legal effect.
¶ 9 The state disagrees with this interpretation of OHRC Rule 325:1-1-7. It also continues to urge that Ashikian's district-court challenge is an impermissible collateral attack on the Stewards' order. This is so because (1) she lodged neither a timely appeal nor a review proceeding for relief from the order[18] and (2) the order is not tainted by facial invalidity.

*154 IV.

A.

THE MATERIALS AVAILABLE FOR OUR REVIEW UPON A CHALLENGE TO THE AGENCY'S JURISDICTION
¶ 10 Absent a timely judicial review in accordance with the terms of the Administrative Procedures Act, 75 O.S.2001 § 318,[19] an OHRC final order is impervious to attack. This finality bar presupposes the existence of a prior decision that is facially valid. It is not applicable to an order that is facially void for want of jurisdiction.[20] Deemed void is only that decision which on the face of the record reveals that at least one of the three requisite elements of jurisdiction was absent, i.e., the trial tribunal's power (a) over the parties, (b) over the subject matter or (c) to pronounce the contested decision that was rendered.[21] When a jurisdictional infirmity is apparent from a facial inspection of the trial tribunal's proceedings,[22] its decision may be collaterally attacked and set aside upon request of either party at any time.[23] The district court's inquiry into the validity of an administrative agency's order (that escaped review on direct appeal) stands confined to determining, from an inspection of the face of that agency's proceedings (i.e., the application, the process *155 by which the parties were notified, and the agency's order) if the agency met the jurisdictional prerequisites.[24] Where extrinsic evidence is needed to show the jurisdiction's absence, the decision is not facially invalid although it may be declared voidable.[25]
¶ 11 According to the state, nothing in the administrative record (the administrative equivalent of a district court's judgment roll) reveals a want of subject-matter jurisdiction by the Stewards.[26] For a showing that an administrative order lacks facial validity, the entire agency judgment roll must be included in the materials presented for review.[27] The burden is cast on the party challenging the validity of a judgment or administrative order to provide the record revealing a total absence of at least one of the three jurisdictional components.[28] A reviewing court may take notice only of that record which stands before it.[29]
¶ 12 Ashikian's petition before the district court asserts the Stewards' jurisdiction had not been extended prior to 10 January 2001. The exhibits submitted with her petition reveal that the race meeting ended on 10 December 2000 and the Stewards' order was issued on 18 April 2001.[30] This information alone is not proof that Stewards' lacked jurisdiction over the matter. According to the state, the alleged defect that is critical for a challenge to the Stewards' subject-matter jurisdictionthe dates of the race meeting and when OHRC acted to extend the Stewards' jurisdictionforms no part of the administrative record.[31] The state contends that one must look outside the four corners of the record to obtain this information. Although the materials provided by Ashikian do not affirmatively show the Stewards' lack of subject-matter jurisdiction here, the state supplied this missing critical information by the inclusion of its (1) brief in support of its motion to dismiss[32] (2) answer to trainer's petition[33] and (3) response to Ashikian's summary judgment motion and its cross-motion for the same.[34] It is the state's provision *156 of this information for the trainer's challenge proceedings before the district court that supplies the missing links for the latter's cognizance as part of the agency's judgment roll in this cause.

B.

THE BOARD OF STEWARDS' AUTHORITY WAS NOT TIMELY EXTENDED IN ACCORDANCE WITH THE TERMS OF OHRC RULE 325:1-1-7, AND ITS ORDER WAS HENCE VOID FOR WANT OF SUBJECT-MATTER JURISDICTION
¶ 13 Having settled those materials which are properly available for a reviewing court's cognizance when a jurisdictional challenge is brought, we turn next to COCA's ruling that the Stewards did not possess subject-matter jurisdiction over today's cause in accordance with the terms of OHRC Rule 325:1-1-7. We repeat that the sentence in controversy provides, "[i]n the event a dispute or controversy arises during a race meeting which is not settled within the Stewards' thirty-day jurisdiction, then the authority of the Stewards may be extended by authority of the Commission for the period necessary to resolve the matter, . . ." [emphasis ours]
¶ 14 The state urges the same rules that may be invoked for construction of statutes apply with equal force to administrative rules.[35] In absence of a contrary definition, words are to have the same meaning as that attributed to them in ordinary and usual parlance.[36] According to the state, COCA and the trial judge misinterpreted the critical sentence to mean the Stewards' authority must be extended before the end of the thirty-day period. This, according to the state, is incorrect because (1) of the common meaning of the word "then"[37] (2) the need to extend the Stewards' jurisdiction cannot be fully ascertained until the entire thirty-day period has lapsed and (3) the rule does not require an extension of jurisdiction to take place before the passage of the thirty-day period. Further, COCA and the trial judge failed to give deference to the Commission's interpretation of its rule when the latter exercised its power to extend the Stewards' jurisdiction after the thirty-day period had closed.[38]
¶ 15 The argument calls for our construction of the Commission's administrative rule. Although the state is correct in its recitation of those legal rules that generally govern administrative-rule interpretation, its recapitulation of them is incomplete. We must give administrative rules, as well as statutes, a sensible construction, bearing in mind the evils intended to be avoided.[39] We cannot presume an absurd result was intended by the drafters.[40]
¶ 16 The issue is whether the terms of OHRC Rule 325:1-1-7 authorize that the Stewards' jurisdiction be revested in the absence of a timely extension. To adopt the state's interpretation of the text would mean *157 the jurisdiction of the Stewards could, in essence, be extended indefinitely. An extension of jurisdiction conferred in perpetuity following a lapse of time is an unacceptable construction of the rule. It would lead to an absurd result for two reasons. First, to view the rule's terms so as to confer unlimited jurisdiction upon the Stewards contradicts their clearly circumscribed authority revealed in the preceding sentence.[41] Second, the provision's terms, composed by the OHRC, serve as a limit upon the exercise of power by the Board of Stewards. Their jurisdiction must be conferred solely by pure language. We may not by conjecture infuse it where none exists. There is no authority for granting an extension of jurisdiction after the expiration of that thirty-day jurisdictional period. An administrative agency may not confer upon its subordinate organ any greater power than that which it is itself able to exercise. Nemo dat qui non habet.[42] Since the Commission (agency) is itself powerless to assert in-perpetuity jurisdiction over a pending case, neither may its subordinate Board of Stewards. We must conclude the Stewards' subject-matter jurisdiction ceases thirty days following the race meet absent a timely and limited extension of this authority made by the OHRC during that period.[43] The Stewards' jurisdiction here was not timely extended. The order is hence ineffective for want of authority.[44]

C.

ATTORNEY'S FEE ALLOWANCE
¶ 17 Lastly, the trial judge's summary ruling for Ashikian which allowed her a reasonable attorney's fee lacks supporting authority.[45] As a general rule, an attorney's fee is not recoverable by a prevailing party in the absence of a statute or an enforceable contract.[46] Because we are aware of no authority for a counsel-fee allowance in a case like that before us todayand none has been cited to usthe award must be reversed.

V.

SUMMARY
¶ 18 The trainer's district-court challenge to the Stewards' order was not an impermissible *158 collateral attack launched upon it. The OHRC failed timely to extend the Board of Stewards' authority to deal with unresolved race-meet matters in accordance with the terms of OHRC Rule 325:1-1-7. The Board's order was hence ineffective for want of power. The trial judge's allowance of an attorney's fee is unsupported by legal authority.
¶ 19 The Court of Civil Appeals' opinion is vacated, and the trial court's summary judgment is affirmed in part and reversed in part.
¶ 20 WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, OPALA, KAUGER and COLBERT, JJ., concur.
¶ 21 WATT, J., concurs in part and dissents in part.
¶ 22 TAYLOR, J., dissents.
¶ 23 REIF, J., disqualified.
NOTES
[1] Identified herein are only those counsel for the parties whose names appear on the certiorari briefs.
[2] The contents of this letter informed Ashikian that (1) a financial complaint had been filed against her (2) if it was not satisfied within 15 days a hearing may be scheduled before the Board of Stewards and (3) she may be subject to a fine or suspension. This letter indicated a copy of the complaint was enclosed. (state's exhibits in support of its motion to dismiss)
[3] Ashikian does not explicitly claim that this notice was not forwarded to her. A copy of the Iowa Department of Inspections and Appeals decision submitted with trainer's petition reveals that the certified return receipt was signed by someone at the address Ashikian provided to the OHRC, but the letter was not forwarded to her. (trainer's exhibit "E") The state provides a copy of a signed postal receipt dated 21 March 2001 sent to the address provided by trainer. (state's exhibits in support of its motion to dismiss, exhibit D)

The terms of OHRC Rule 325:1-1-13 provide:
"Whenever notice is required to be given by the Commission or the Stewards, such notice shall be given in writing by personal delivery to the person to be notified; or by mailing, certified mail, return receipt requested, such notice to the last known address furnished to the Commission; or may be given as is provided for service of process in a civil proceeding in the State of Oklahoma and pursuant to the provision of the Administrative Procedures Act, 75 O.S. § 309."
Ashikian's petition did not urge lack of notice with any specificity. Her reference to the issue of notice is stated in paragraph 5 which provides:
"However, without Plaintiff's knowledge and without Plaintiff having received any Notice thereof, the Board of Stewards of BRDRT, acting under and pursuant to the authority of OHRC, purported to conduct a Hearing for violation of Rule 325:35-1-10, Financial Responsibility, based on Plaintiff's failure to pay BRDRT $462.00 for stall rental. Because Plaintiff did not appear at the appointed time the Board of Stewards found Plaintiff in violation of Rule 325:35-1-10 and ordered plaintiff `suspended/ineligible for licensing' in Oklahoma."
In her supplemental brief before this court, trainer urged with specificity the issue of inadequate notice. We do not address this issue as it was untimely brought.
[4] Board of Stewards' 18 April 2001 order.
[5] Ashikian was disqualified from Iowa purse monies earned between 18 April and 2 July 2001.
[6] For more information concerning trainer's claim dealing with lack of notice see supra note 3.
[7] In its order the Board of Stewards provided information for appealing from its decision in accordance with OHRC Rule 325:70-1-23.
[8] The parties' motions to dismiss were denied. They are not here for our review.
[9] "`Acceptable probative substitutes' are those which may be used as `evidentiary materials' in the summary process of adjudication." Jackson v. Okla. Memorial Hosp., 1995 OK 112, ¶ 15 n. 35, 909 P.2d 765, 773 n. 35. See also Seitsinger v. Dockum Pontiac, Inc., 1995 OK 29, ¶¶ 16-17, 894 P.2d 1077, 1080-81; Davis v. Leitner, 1989 OK 146, ¶ 15, 782 P.2d 924, 927.
[10] The focus in summary process is not on the facts which might be proven at trial, but rather on whether the evidentiary material in the record tendered for elimination of trial reveals only undisputed material facts supporting but a single inference that favors the movant's quest for relief. Polymer Fabricating, Inc. v. Employers Workers' Compensation Ass'n, 1998 OK 113, ¶ 7, 980 P.2d 109, 112; Hulsey v. Mid-America Preferred Ins. Co., 1989 OK 107, ¶ 8 n. 15, 777 P.2d 932, 936, n. 15.
[11] The court may consider, in addition to the pleadings, items such as depositions, affidavits, admissions, answers to interrogatories, as well as other evidentiary materials which are offered in acceptable form without objection from other parties or are admitted over the challenging exception. Polymer Fabricating, supra note 10, at ¶ 8, at 113; Seitsinger, supra note 9.
[12] Russell v. Bd. of County Comm'rs, 1997 OK 80, ¶ 7, 952 P.2d 492, 497. See also Gray v. Holman, 1995 OK 118, ¶ 11, 909 P.2d 776, 781.
[13] An order that grants summary relief, in whole or in part, disposes solely of law questions. It is reviewable by a de novo standard. Brown v. Nicholson, 1997 OK 32, ¶ 5, 935 P.2d 319, 321. See also Kluver v. Weatherford Hosp. Auth., 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084 ("Issues of law are reviewable by a de novo standard and an appellate court claims for itself plenary, independent and non-deferential authority to re-examine a trial court's legal rulings.").
[14] Carmichael v. Beller, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053.
[15] Spirgis v. Circle K Stores, Inc., 1987 OK CIV APP 45, ¶ 10, 743 P.2d 682, 685 (approved for publication by the Oklahoma Supreme Court).
[16] The terms of OHRC Rule 325:1-1-7 then in effect provide:

"Jurisdiction of stewards to suspend or fine
(a) The Stewards' jurisdiction in any matter commences seventy-two (72) hours before entries are taken for the first day of racing at the race meeting and extends until thirty (30) days after the close of such meeting. In the event a dispute or controversy arises during a race meeting which is not settled within the Stewards' 30-day jurisdiction, then the authority of the Stewards may be extended by authority of the Commission for the period necessary to resolve the matter, or until the matter is referred or appealed to the Commission. The Stewards may deny, refuse to issue, or refer to the Commission for revocation, or suspend for not more than one year per violation the occupation license of any person whom they have the authority to supervise; or they may impose a fine not to exceed Two Thousand Five Hundred Dollars ($2,500.00) per violation; or they may exclude from all enclosures in this state; or they may suspend and fine and/or exclude; or they may order that a person be ineligible for a license. All such suspensions, fines, denials, refusals to issue, referrals or exclusions shall be reported immediately to the Commission." * * * (emphasis supplied)
[17] For the terms of OHRC Rule 325:1-1-7 see supra note 16.
[18] The Board of Stewards' order included information dealing with the procedure for appeal from its ruling. The pertinent terms of Rule 325:70-1-23 provide:

"(a) The Commission shall review hearings of any case referred to the Commission by the Stewards or appealed to the Commission from the decisions of the Stewards except as otherwise provided in this Chapter. Upon every appealable decision of the Stewards, the person subject to the decision or order shall be made aware of his/her right to an appeal before the Commission and the necessary procedures thereof. Appeals shall be made no later than 5:00 p.m. on the third calendar day, excluding intermediate Saturdays and Sundays and legal holidays as defined by the Oklahoma Statutes or any other day when the Commission office does not remain open for public business until 5:00 p.m. from the date of the rendering of the decision of the Stewards, excluding the date the decision was rendered, unless the Commission for good cause extends the time for filing not to exceed 30 days from said rendering date, and shall be filed with the Office of the Commission as specified in 325:1-1-14. When the applicant is notified by mail of the Stewards' decision, three (3) days shall be added to the time within which the application for temporary stay order must be filed. Action on such a hearing request must commence by the Commission within 30 days of the filing of the appeal. An appeal shall not affect a decision of the Stewards until the appeal has been sustained or dismissed or a stay order issued."
The OHRC is subject to the terms of the Administrative Procedures Act, 75 O.S.2001 § 250 et seq. The terms of 75 O.S.2001 § 318 provide for judicial review of a final agency order:
"B. 1. The judicial review prescribed by this section for final agency orders, as to agencies whose final agency orders are made subject to review, under constitutional or statutory provisions, by appellate proceedings in the Supreme Court of Oklahoma, shall be afforded by such proceedings taken in accordance with the procedure and under the conditions otherwise provided by law, but subject to the applicable provisions of Sections 319 through 324 of this title, and the rules of the Supreme Court.
2. In all other instances, proceedings for review shall be instituted by filing a petition, in the district court of the county in which the party seeking review resides or at the option of such party where the property interest affected is situated, within thirty (30) days after the appellant is notified of the final agency order as provided in Section 312 of this title."
The state urges the district court lacked original jurisdiction (to issue a declaratory judgment or entertain an original action) and appellate jurisdiction over today's cause. The state cites to Conoco, Inc. v. State Dept. Of Health of State of Oklahoma, 1982 OK 94, ¶ 11, 651 P.2d 125, 129, for the proposition that "time limits within which to appeal adverse decision are jurisdictional in nature and . . . if appeal is untimely the court has no power to decide case" applies to administrative actions as well as court judgments and decrees.
[19] For the pertinent terms of 75 O.S.2001 § 318 see supra note 18.
[20] Stidham v. Special Indemnity Fund, 2000 OK 33, ¶ 7, 10 P.3d 880, 884. In Gulfstream Petroleum Corp. v. Layden, 1981 OK 56, ¶¶ 6-12, 632 P.2d 376, 379, the court extended the concept of "facial invalidity" to agency decisions, holding that a facially void agency order stands subject to collateral vacation in a district court action. Stidham, supra. This teaching was followed in Kaneb Production Co. v. GHK Exploration Co., 1989, OK 11, ¶ 15, 769 P.2d 1388, 1392, and Mullins v. Ward, 1985 OK 109, ¶¶ 7-8, 712 P.2d 55, 59-60.
[21] Stidham, supra note 20, at ¶ 7, at 884 (citing Estate of Mouse, 1993 OK 157, ¶ 7, 864 P.2d 1284, 1286; Hough v. Hough, 1989 OK 65, ¶ 14,772 P.2d 920, 921; Chamberlin v. Chamberlin, 1986 OK 30, ¶ 8 n. 15, 720 P.2d 721, 725 n. 15; Mayhue v. Mayhue, 1985 OK 68, ¶ 5 n. 8, 706 P.2d 890, 894 n. 8; Gulfstream, supra note 20, at ¶ 12, at 379; Scoufos v. Fuller, 1954 OK 363, ¶ 20, 280 P.2d 720, 723; State ex rel. Com'rs of Land Office v. Keller, 1953 OK 371, ¶ 25, 264 P.2d 742, 747-748; Union Indemnity Co. v. Saling, 1933 OK 481, ¶¶ 32-33, 26 P.2d 217 (syl.6), 224, 225; Pettis v. Johnston, 1920 OK 224, ¶ 224, 190 P. 681, 682).
[22] Stidham, supra note 20, at ¶ 7, at 884; Saling, supra note 21, at ¶ 32, at 224.
[23] Stidham, supra note 20, at ¶ 7, at 884; Saling supra note 21, ¶ 32, at 224; Title Guaranty & Surety Co. v. Foster, 1920 OK 391, ¶ 14, 203 P. 231, 236 (a judgment, which is rendered in the absence of the tribunal's jurisdictioni.e., one that the agency had no power to renderis void and may be successfully assailed on collateral attack). Stidham, supra.
[24] Mullins, supra note 20, at ¶ 7 n. 7, at 60-61 n. 7; McDaniel v. Moyer, 1983 OK 39, ¶ 12, 662 P.2d 309, 312; Gulfstream, supra note 20, at ¶ 12, at 379; Woods Petroleum Corp. v. Sledge, 1981 OK 89, ¶ 7, 632 P.2d 393, 396; State v. Corporation Comm'n, 1979 OK 16, ¶ 11, 590 P.2d 674, 677; Harry R. Carlile Trust v. Cotton Petroleum, 1986 OK 16, ¶ 6 n. 8, 732 P.2d 438, 441 n. 8.
[25] Halliburton v. Grothaus, 1998 OK 110, ¶ 10 n. 11, 981 P.2d 1244, 1249 n. 11 (citing Scoufous, supra note 21, at ¶ 15-20, at 723).
[26] The record does not reveal that Ashikian provided a copy of the administrative record for the district court's review. The state in its response to Ashikian's motion for summary judgment and its cross-motion for the same relief provides us an index of those documents which, according to it, constitute the agency's administrative record. Included are the following: the financial complaint; the 5 January 2001 letter to Ashikian dealing with the financial complaint; the 18 March 2001 notice to appear; the 21 March 2001 signed postal receipt; trainer's Oklahoma license application; the 18 April 2001 order; the 20 April 2001 signed postal receipt; and the 2 July 2001 Commission order restoring Ashikian to good standing.
[27] Halliburton, supra note 25, at ¶ 10, at 1249.
[28] Halliburton, supra note 25, at ¶ 10, at 1249.
[29] Halliburton, supra note 25, at ¶ 10, at 1249.
[30] Ashikian submitted the following documents with her petition: a copy of the cover of the Blue Ribbon Downs 2000 condition book, # 22, that reveals the dates of the race meet; the Board's 18 April 2001 order declaring her "suspended/ineligible"; the OHRC order restoring her to good standing; the Iowa Board of Stewards' order requiring her to return purse monies; and the Iowa Department of Inspections and Appeals Administrative Hearing decision. None of these materials reveals the critical information, the dale the OHRC acted to extend the Board's jurisdiction. According to the state, the condition book is not part of the administrative record.
[31] For the content of the administrative record according to the state, see footnote 26.
[32] The state's brief in support of its motion to dismiss reveals the OHRC delegated to the executive director the power to extend the authority of the Stewards in accordance with OHRC Rule 325:1-1-7. (state's brief, p. 17)
[33] The state admits the Blue Ribbon Downs race meeting concluded 10 December 2000. (state's answer to trainer's petition, p. 3)
[34] The state included in the exhibits submitted with its response to Ashikian's motion for summary judgment and cross-motion for the same the OHRC Executive Director's letter extending the Stewards' jurisdiction over the race meet that concluded 10 December 2000 (exhibit I) and the 15 February 2001 OHRC meeting minutes extending the Stewards' jurisdiction (exhibit H).
[35] Dolese Bros. Co. v. State ex rel. Oklahoma Tax Commission, 2003 OK 4, ¶ 9, 64 P.3d 1093, 1097.
[36] "[C]ourts must assume that the lawmaking authority's intent was for the word to have the same meaning as that attributed to them in ordinary and usual parlance." Riffe Petroleum Co. v. Great Nat. Corp., Inc., 1980 OK 112, ¶ 7, 614 P.2d 576, 579.
[37] The state cites to WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, p. 2370, for a definition of the word "then" to mean, "at that time: at the time mentioned or specified . . . soon after that: immediately after that: next in order of time." (state's supplemental brief, p. 25)
[38] "When more than one meaning may be attributed to the terms of a regulation, we look to the interpretation given to the regulation by those charged with the duty of executing it. When choosing between two or more possible meanings, controlling weight may be given to the long-continued administrative usage unless it is plainly erroneous or inconsistent with the language. Deference to an agency's interpretation is even more clearly in order when the construction is that of an administrative regulation rather than a statute." Bell v. Phillips Petroleum Co., 1982 OK 28, ¶ 24, 641 P.2d 1115, 1121-22 (citing Richter v. Barrett, 173 F.2d 320, 323 (3rd Cir.1949) and Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945)).
[39] Oklahoma Alcoholic Beverage Control Bd. v. Burris, 1980 OK 58, ¶ 13, 626 P.2d 1316, 1319.
[40] Burris, supra note 39, at ¶ 13, at 1319.
[41] For the terms of OHRC Rule 325:1-1-7 see supra note 16.
[42] The maxim is also known as nemo dare potest quod non habet. Both Latin texts have an identical meaning: that which one does not have may not be passed to another. Black's Law Dictionary, 1951 & 1979 editions.
[43] Like COCA, we believe our decision is supported by the recent change to Rule 325:1-1-7 that gives the Stewards continuous jurisdiction. That provision now provides:

"325:1-1-7. Jurisdiction of stewards to suspend or fine
(a) The Stewards' jurisdiction in any matter is continuous. The Stewards may deny, refuse to issue, or refer to the Commission for revocation, or suspend for not more than one year per violation the occupation license of any person whom they have the authority to supervise; or they may impose a fine not to exceed Two Thousand Five Hundred Dollars ($2,500.00) per violation; or they may exclude from all enclosures in this state; or they may suspend and fine and/or exclude; or they may order that a person be ineligible for a license. All such suspensions, fines, denials, refusals to issue, referrals or exclusions shall be reported immediately to the Commission."
We do not comment on the validity or effect of the revised rule. The case does not call on us to do so. Our critique is directed solely to the rule in existence when the dispute arose and not to the post-dispute revision.
[44] COCA ruled the OHRC and the Stewards had the authority but not the jurisdiction to enter the order under review. Because of our ruling dealing with subject-matter jurisdiction, we do not address the parties' other arguments nor COCA's ruling dealing with the Stewards' authority to declare trainer "suspended/ineligible" for licensing.
[45] The order allows Ashikian a reasonable attorney's fee and costs to be set by the trial court upon presentation of evidence. The request for an attorney's fee was included by Ashikian in her petition and motion for summary judgment and by the state in its answer to trainer's petition before the district court. The issue was neither urged, briefed, nor supported by any authority for its award before the trial court or COCA. Ashikian asserts that because the state failed to address this issue before the trial judge, it is too late to raise it on certiorari. In a public-law controversy, this court is generally free to decide a case on all dispositive issues. Strelecki v. Oklahoma Tax Com'n, 1993 OK 122, ¶ 17, 872 P.2d 910, 919.
[46] Jackson v. Williams, 1985 OK 103, ¶ 26, 714 P.2d 1017; Garner v. City of Tulsa, 1982 OK 104, ¶ 32, 651 P.2d 1325, 1329.