2010 OK 21

NOVA HEALTH SYSTEMS, d/b/a Reproductive Services, on behalf of itself, its staff, and its patients, Plaintiff/Appellee,

v.

(1) W.A. Drew EDMONDSON, in his official capacity as Attorney General of Oklahoma; (2) Tim Harris, in his official capacity as Tulsa County District Attorney; (3) Terry L. Cline, in his official capacity as Executive Director of the Oklahoma Board of Medical Licensure and Supervision; and (4) Cheryl A. Vaught, in her official capacity as President of the Oklahoma State Board of Osteopathic Examiners, Defendants/Appellants.

No. 107,592.

Supreme Court of Oklahoma.

March 2, 2010.

## DISPOSITION BY ORDER

¶1 Upon consideration of the record, briefs, transcripts, the motion for oral argument, the application for leave to file *amicus curiae* brief, the petition in error, and the response thereto, in the above styled and numbered cause, THE COURT FINDS:

1. The dispositive issue before us is the applicability of the one-subject rule pursuant to art. 5, § 57 of the Oklahoma Constitution[1] to Senate Bill No. 1878.

1. The Oklahoma Constitution, art. 5, § 57 provides:

Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived,

The bill, allegedly comprised of portions of five separate bills, involves multiple subjects concerning freedom of conscience. Insofar as the one subject rule is concerned, it is virtually identical to other legislation which we have found to be unconstitutional: House Bill 1743 (space in the capitol building), Senate Bill 1708 (uniform laws), House Bill 1105 (accounting of funds), Initiative Petition 382 (eminent domain), House Bill 1570 (releasing of funds), Senate Bills 142 and 725 (cultural entities), and Senate Bill 1374 (water reservoirs and cultural entities).

2. Art. 5, § 57 of the Oklahoma Constitution provides: "Every act of the Legislature shall express but one subject, which shall be clearly expressed in its title...."[2] This provision is commonly known as the "single subject rule." The purposes of the single subject rule are:

a) to ensure that the legislators or voters of Oklahoma are adequately notified of the potential effect of the legislation[3] and;

b) to prevent "logrolling,"[4] the practice of assuring the passage of a law by creating one choice[5] in which a legislator or voter is forced to assent to an unfavorable provision to secure passage of a favorable one, or conversely, forced to vote against a favorable provision to ensure that an unfavorable provision is not enacted.[6]

The single subject rule applies to legislative acts promulgated through the initiative process, as well as those promulgated through the Legislature.[7]

3. This concept has been recognized by the Court since statehood. In *In re County Commissioners of Counties Comprising Seventh Judicial Dist.*, 1908 OK 207, 98 P. 557, the Court noted in ¶¶ 4–5 that:

... Each subject brought into the deliberation of the legislative department of

amended, extended, or conferred shall be re-enacted and published at length: Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the laws as may not be expressed in the title thereof. The Oklahoma Constitution, art. 5, § 56 similarly provides:

The general appropriation bill shall embrace nothing but appropriations for the expenses of the executive, legislative, and judicial departments of the State, and for interest on the public debt. The salary of no officer or employee of the State, or any subdivision thereof, shall be increased in such bill, nor shall any appropriation be made therein for any such officer or employee, unless his employment and the amount of his salary, shall have been already provided for by law. All other appropriations shall be made by separate bills, each embracing but one subject.

2. The Oklahoma Constitution, art. 5, § 57, see note 1, supra.

3. *Edmondson v. Pearce*, 2004 OK 23, ¶ 43, 91 P.3d 605, *cert. denied*, 543 U.S. 987, 125 S.Ct. 495, 160 L.Ed.2d 371(2004); *In re Initiative Petition No. 347, State Question No. 639*, 1991 OK 55, ¶ 15, 813 P.2d 1019; *In re Initiative Petition No. 314*, 1980 OK 174, ¶ 59, 625 P.2d 595; *Gibson Prods. Co. of Tulsa v. Murphy*, 1940 OK 100, ¶ 9, 186 Okla. 714, 100 P.2d 453.

4. *In re Initiative Petition No. 382, State Question No. 729*, 2006 OK 45, ¶ 8, 142 P.3d 400. The etymology of the term "logrolling" probably evokes the picture of a pioneer clearing a field. The landowner would enlist a neighbor to help roll a fallen tree too heavy to be moved by one person into a pile for burning. See Black's Law Dictionary, "logrolling" (8th ed. 2004); The American Heritage Dictionary of The English Language, "logrolling" (4th ed. 2000).

5. *In re Initiative Petition No. 382, State Question No. 729*, see note 4 supra at ¶ 8. The choice, often known as "Hobson's choice" is an apparently free choice that offers no real alternative; in the parlance of our times, a "take it or leave it." The phrase finds its origin in the practice of an English livery stable proprietor named Thomas Hobson (1544?–1630), who required that his customers choose the horse nearest the stable door or none at all. See, The American Heritage Dictionary of the English Language, "Hobson's choice" (4th ed. 2000).

6. *Edmondson v. Pearce*, see note 3, supra at ¶ 44; *In re Initiative Petition No. 360, State Question No. 662*, 1994 OK 97, ¶¶ 17–18, 879 P.2d 810; *Johnson v. Walters*, 1991 OK 107, ¶ 22, 819 P.2d 694. *In re Initiative Petition No. 314*, see note 3, supra at ¶¶ 59–63. The rule also exists to prevent the Legislature from "veto-proofing" a bill, or attaching a rider to a bill to prevent the Governor from having any real opportunity to veto the measure. *See Johnson v. Walters*, supra.

7. *Edmondson v. Pearce*, see note 3, supra at ¶ 44; *In re Initiative Petition No. 347*, see note 3, supra at ¶ 13.

the government is to be considered and voted on singly, without having associated with it any other measure to give it strength. Experience had shown that measures having no common purpose, and each wanting sufficient support on its merits to secure its enactment, have been carried through legislative bodies and enacted into laws. when neither measure could command or merit the approval of a majority of that body.

4. Over the last two decades we have addressed the single subject rule at least seven times. *Johnson v. Walters,* 1991 OK 107, ¶ 22, 819 P.2d 694; *Campbell v. White,* 1993 OK 89, ¶ 20, 856 P.2d 255; *Morgan v. Daxon,* 2001 OK 104, ¶ 1, 49 P.3d 687; *In re Initiative Petition No. 382, State Question No. 729,* 2006 OK 45, ¶ 18, 142 P.3d 400; *Weddington v. Henry,* 2008 OK 102, ¶ 1, 202 P.3d 143; *Fent v. State ex rel. Office of State Finance,* 2008 OK 2, ¶ 30, 184 P.3d 467; and *Fent v. State of Oklahoma ex rel. Oklahoma Capital Improvement Authority,* 2009 OK 15, ¶¶ 10–23, 214 P.3d 799.

5. We are growing weary of admonishing the Legislature for so flagrantly violating the terms of the Oklahoma Constitution. It is a waste of time for the Legislature and the Court, and a waste of the taxpayer's money. The Legislature ignored our earlier opinions, especially *Campbell v. White,* 1993 OK 89, ¶¶ 19–20, 856 P.2d 255, when it apparently consolidated five separate multi-subject bills into Senate Bill 1878 which facially, patently, and obviously contained multiple subjects. In *Campbell,* we said:

... Because Senate Bill 142 and Senate Bill 725 contain a multiplicity of provisions unrelated to a common theme or purpose, they are unconstitutional.

This is the is the second time in less than two years that this Court has been called upon to determine whether legislatively enacted laws are unconstitutional for violation of the single-subject mandate ... We trust a third opinion will not be necessary. Our consideration for the practical operations of government should not be understood to be a shield for the continued enactment of unconstitutional laws. Although we are sympathetic with the time constraints the Legislature faces in session, this Court is bound to uphold the Constitution—we are prepared to do so.

6. We continued to uphold the Constitution in *Fent v. State of Oklahoma ex rel. Oklahoma Capital Improvement Authority,* 2009 OK 15, ¶¶ 10–23, 214 P.3d 799, which is dispositive of this proceeding. In *Fent,* we completely re-examined and explained the nearly twenty years of established precedent which settles the question of whether legislation may contain more than one unrelated subject. *Fent* was the second time in less than three months that we had to strike legislation because it contained more than one unrelated subject. Because we have exhaustively and repeatedly addressed the issue there is no need to do so here. If the Legislature believes that the multiple subjects involved in Senate Bill No. 1878 are important, it can enact separate bills.

7. Nevertheless, because the Legislature did not have the benefit of *Fent v. State of Oklahoma ex rel. Oklahoma Capital Improvement Authority,* 2009 OK 15, ¶¶ 10–23, 214 P.3d 799, when it enacted Senate Bill 1878, we again restate: THE CLEAR LANGUAGE OF THE OKLAHOMA CONSTITUTION REQUIRES THAT ALL LEGISLATIVE ACTS SHALL EMBRACE BUT ONE SUBJECT.

8. Because Senate Bill No. 1878 is so obviously violative of the one-subject rule mandated by the terms of art. 5, § 57 of the Oklahoma Constitution, it is unconstitutional and void. Therefore, additional briefing by *amicus curie,* as well as oral argument, is denied because it is unnecessary and would cause counterproductive delay.

¶ 2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, that the motion for oral argument, and the motion to file an *amicus* brief be denied and the order of the District Court be, and is hereby, affirmed.

¶ 3 EDMONDSON, C.J., HARGRAVE, KAUGER, TAYLOR, WATT, COLBERT, JJ., concur.

¶ 4 OPALA, WINCHESTER, REIF, JJ., concur in result.