2013 OK 107

**Jerry R. FENT, as a resident taxpayer of the State of Oklahoma, and all other similar persons, Petitioner,**

v.

**Mary FALLIN, Governor of the State of Oklahoma, and Ken Miller, Treasurer of the State of Oklahoma, Respondents.**

No. 111847.

Supreme Court of Oklahoma.

Dec. 17, 2013.

As Corrected Dec. 19, 2013.

Jerry R. Fent, Oklahoma City, Oklahoma, Pro Se Petitioner.

M. Daniel Weitman, Assistant Attorney General, Oklahoma City, Oklahoma, for Respondents.

APPLICATION TO ASSUME ORIGINAL JURISDICTION AND PETITION FOR DECLARATORY RELIEF AND WRITS OF INJUNCTION AND/OR MANDAMUS

WINCHESTER, J.

¶ 1 The issue before this Court concerns the constitutionality of House Bill 2032 (HB 2032), passed by the 54th Legislature, First Regular Session, and signed into law by the Governor on May 13, 2013. The bill concerns income tax rate reduction as well as the creation of a fund for repairs to the State Capitol building. We assume original jurisdiction and hold the statute unconstitutional as it violates the single subject rule mandated by art. 5, § 57 of the Oklahoma Constitution.

### FACTS

¶ 2 HB 2032, which took effect July 1, 2013, reduces the top income tax rate in Oklahoma from 5.25 percent to 5 percent on Jan. 1, 2015. The statute sets up a mechanism to cut the rate to 4.85 percent in 2016 if total revenue growth in the 2016 fiscal year, which begins July 1, 2015, is equal to or greater than the fiscal impact of the 0.15 percentage point tax cut. Additionally, HB 2032 provides for the creation of a fund, the Oklahoma State Capitol Building Repair and Restoration Fund, to make repairs to the Capitol building, calling for $60 million to be used for Capitol repairs in the 2014 fiscal year, which began July 1, and an additional $60 million to be set aside for repairs in the 2015 fiscal year.

¶ 3 The petitioner, Jerry R. Fent, challenges the validity of HB 2032 and asserts that the bill: (1) violates the constitutional single subject rule, Okla. Const. art. 5, § 57; (2) violates the constitutional prohibition against the Legislature providing for multi-year appropriations, Okla. Const. art. 10, § 23; (3) violates the constitutional provision requiring a revenue bill that originates in the house to be approved by three-fourths of each legislative body, Okla. Const. art. 5, § 33(D); and (4) creates a prohibited "special fund" in violation of Okla. Const. art. 5, § 55. Conversely, the Respondents, Mary Fallin, the Governor of the State of Oklahoma, and Ken Miller, the Treasurer of the State of Oklahoma, assert that the bill's provisions all relate to the common scheme of managing and apportioning taxes and therefore constitutes but one subject.

### DISCUSSION

¶ 4 Art. 5, § 57 of the Oklahoma Constitution sets forth what is commonly known as the "single subject rule," which provides: "Every act of the Legislature shall express but one subject, which shall be clear-

ly expressed in its title." The purpose of the rule is not to impede legislation but, instead, to prevent the legislature from making a bill "veto proof" by combining two unrelated subjects in one bill. *Thomas v. Henry*, 2011 OK 53, ¶ 26, 260 P.3d 1251, 1260. The goal is to prevent "log rolling," which occurs when unpopular legislation is "piggybacked" within popular bills. *Campbell v. White*, 1993 OK 89, ¶ 14, 856 P.2d 255, 260.

¶ 5 Our case law provides a "germaneness" test to determine if a statute's provisions are related to a single subject. *In re: Initiative Petition No. 382, State Question No. 729*, 2006 OK 45, ¶ 9, 142 P.3d 400. Under this test, those voting on the law in question must be able to make a choice without being misled, and also must not be forced to make an all or nothing choice between two unrelated provisions contained in one measure. *Id.* The public is entitled to a clear picture of how their elected officials have voted on a particular issue.

¶ 6 The first portions of HB 2032, which has since been codified under the Revenue and Taxation title at 68 O.S. Supp.2013, §§ 2352, 2355 and 2355.1E, involve the modification of the personal income tax rate for taxpayers in the state of Oklahoma. The last part of HB 2032, which has since been codified under the State Capital and Capitol Building title at 73 O.S. Supp.2013, § 19, involves the creation of the Oklahoma State Capitol Building Repair and Restoration Fund (Fund) and provides for the appropriation of monies to the Fund. Thus, one provision of HB 2032 authorizes tax cuts and impacts revenues in the State while another provision impacts state expenditures made possible by the creation of a special fund for building repairs to the State Capitol.

¶ 7 Taxation policy and the appropriation of state funds for Capitol improvements are not germane, relative or cognate to a readily apparent common theme and purpose. *See In re: Initiative Petition No. 382, State Question No. 729*, 2006 OK 45, ¶ 9, 142 P.3d 400. A voter could certainly be for one measure and not the other but forced to approve the entire bill in order to pass the

desired legislation. The single subject rule prohibits this unpalatable choice. Because HB 2032 fails to meet the germaneness test, we find it to be unconstitutional and void pursuant to Okla. Const. art. 5, § 57.[1]

ORIGINAL JURISDICTION ASSUMED; DECLARATORY RELIEF GRANTED.

ALL JUSTICES CONCUR.

---

1. Because we find HB 2032 violates the single subject rule, we need not address Petitioner's remaining arguments. Likewise, Petitioner's motion for oral argument is hereby denied.