OSCN Found Document:BURNS v. CLINE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 BURNS v. CLINE
2016 OK 99
Case Number: 114679
Decided: 10/04/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 99, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

LARRY A. BURNS, D.O., on behalf of himself and his patients, Plaintiff/Appellant,
v.
TERRY L. CLINE, in his official capacity as Oklahoma Commissioner of Health, and GREG MASHBURN, in his official capacity as District Attorney for Cleveland, Garvin and McClain Counties, Defendants/Appellees.

ON APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY,
THE HONORABLE JUDGE THOMAS PRINCE, PRESIDING

¶0 The plaintiff, Larry A. Burns, D.O., (Burns) challenges Senate Bill No. 642, Okla. Sess. L. 2015, Ch. 387 (West) ("SB 642"), as violating the single subject rule mandated by Okla. Const. art. 5, §57. Burns appeals from summary adjudication in favor of defendants and the denial of his request for declaratory judgment that SB 642 is unconstitutional and his request for permanent stay. We granted certiorari and we hold that SB 642 is unconstitutional and violates the single-subject rule of Okla. Const. art. 5, §57.

MOTION TO RETAIN PREVIOUSLY GRANTED;
DISTRICT COURT'S JUDGMENT REVERSED AND
REMANDED WITH DIRECTIONS

J. Blake Patton, Oklahoma City, Oklahoma, for Appellant
Zoe Levine, New York, New York, for Appellant
Sarah A. Greenwalt, Office of the Attorney General, Oklahoma City, Oklahoma, for Appellees

WATT, J.:

¶1 The issue before this Court concerns the constitutionality of SB 642, passed by the Legislature and signed into law by the Governor on June 4, 2015. The effective date of the legislation was November 1, 2015. This legislation includes one section modifying an existing statute relating to abortions, and enacts three unrelated new sections in this same title. We reverse the district court's findings and hold the statute unconstitutional as it violates the single subject rule set forth in Okla. Const. art. 5, §57. 

PROCEDURAL HISTORY

¶2 Prior to filing the declaratory action giving rise to this appeal, Burns filed an application with this court to assume original jurisdiction, seeking declaratory and injunctive relief against the defendants, Terry L. Cline, in his official capacity as Oklahoma Commissioner of Health, and Greg Mashburn, in his official capacity as District Attorney for Cleveland, Garvin, and McClain Counties (defendants/State). In the petition for original jurisdiction, Burns asked this Court to find SB 642 unconstitutional and to issue a permanent injunction blocking its enforcement.[1] On October 26, 2015, this Court assumed original jurisdiction and ordered a stay of the enforcement of the legislation for 30 days.[2] After Burns filed his petition for declaratory relief in district court, this Court ordered the stay to remain in effect.[3] This appeal arises from Burns' petition for injunction filed in district court and its grant of summary judgment finding SB 642 constitutional and denying injunctive relief. This Court issued an order retaining this appeal on March 2, 2016.

STANDARD OF REVIEW

¶3 We determine we have authority to address the constitutionality of SB 642. Under Douglas v. Cox Retirement Properties, Inc., 2013 OK 37, 302 P.3d 789, we acknowledge the heavy burden placed on those who raise constitutional challenges to legislation. This Court favors a statutory construction that upholds the constitutionality of a statute. Oliver v. Hofmeister, 2016 OK 15, ¶ 5, 368 P.3d 1270, 1272. This Court does not consider the "propriety, desirability or wisdom" in a statute. Douglas, 2013 OK 37, ¶3, 302 P.3d at 792. The function of this Court is limited to a determination of whether legislative provision is valid and nothing further. Douglas, supra.

ANALYSIS

¶4 Art. 5, § 57 of the Oklahoma Constitution provides: "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title...." [4] This clause is commonly referred to as the "single subject rule". The purpose of this constitutional provision is not to impede legislation. Rather it is to insure transparency in the legislative process.[5] The single subject rule is to prevent the Legislature from making a bill "veto proof" by appending unpopular legislation within popular bills.[6]

¶5 We have stated the purposes of this rule are:

1) to ensure that the legislators or voters of Oklahoma are adequately notified of the potential effect of the legislation; and

2) to prevent 'logrolling', the practice of assuring the passage of a law by creating one choice in which a legislator or voter is forced to assent to an unfavorable provision to secure passage of a favorable one, or conversely, forced to vote against a favorable provision to ensure that an unfavorable provision is not enacted.[7]

¶6 The recognition of this doctrine extends back to statehood.[8] This constitutional provision acts as a safeguard against enacting legislation which, if introduced as a single bill, could never command the approval of a majority of the legislature.[9]

¶7 Defendants advance two theories in support of their argument that SB 642 is constitutional. First, defendants attempt to argue that this legislation does not violate the single subject rule because it is germane, relative and cognate to one subject, the protection of women's reproductive health. Defendants next contend that SB 642 is simply comprehensive legislation, and that this Court has found that comprehensive legislation does not necessarily violate Okla. Const. art. 5, §57. Upon careful review of Oklahoma jurisprudence, we find defendants' arguments are not in accord with our prior decisions on the single subject rule.

 

Legislation Must be Germane, Relative and Cognate to Satisfy 
art. 5 §57 of the Oklahoma Constitution

¶8 Defendants posit that SB 642 is constitutional under the single subject rule, because all sections in this legislation relate to protecting the reproductive health of women. To reinforce this point, the State argues that all four sections in SB 642 simply create enforcement mechanisms and put "teeth into existing laws designed to protect women's reproductive health."[10]

¶9 Burns asserts this law fails to satisfy the constitutional mandate of art. 5, §57. Specifically, plaintiff argues that the different provisions of SB 642 impose directives to different state entities for different purposes,[11] similar to the law struck down in Oklahoma Capitol. Plaintiff urges that the provisions of this law are so unrelated that legislators voting on the bill were presented with an "all or nothing choice" suggestive of logrolling, the very thing this constitutional provision is designed to prevent. Oklahoma Capitol, supra.; In re Initiative Petition No. 382, 2006 OK 45 ¶14, 142 P.3d 400, 407-408; Nova Health Systems v. Edmondson, 2010 OK 21, ¶1, 233 P.3d 380, 381-382, (hereinafter Nova Health).

¶10 The sections of SB 642 contain the following provisions:

(a) Section 1, amends 63 O.S. 2011 §1-740.4b, adding powers to the Attorney General (A.G.) or the District Attorney (D.A.) to enjoin certain conduct relating to requisite consents for minors seeking abortions;

(b) Section 2, adds a new section of law, authorizing the Oklahoma Bureau of Investigations (OSBI) to create a new forensic protocol for statutory rape investigations;

(c) Section 3, adds a new section of law creating a new licensing and inspection scheme for abortion facilities, directing the Oklahoma State Department of Health (OSDH) to develop requisite regulatory protocols;

(d) Section 4, adds a new broad-sweeping section, imposing felony penalties as well as civil penalties up to One Hundred Thousand Dollars for a violation of any existing regulation relating to abortion statutes contained in 63 O.S. 2011 §§1-737.7 to 1-737.16.

¶11 We have consistently found legislation is related to one subject when the provisions are "germane, relative, and cognate to a readily apparent common theme and purpose."[12] However, it is not enough for defendants to simply articulate some rational connection between similar or related provisions.[13] Instead, our focus is "whether it appears that either the proposal is misleading or provisions in the proposal are so unrelated that many of those voting on the law would be faced with an unpalatable all-or-nothing choice."[14]

¶12 Section 1 amends 63 O.S. 2011 §1-740.4b, dealing with the consent required for an abortion to be performed on a minor and delineating civil and criminal penalties for any violation. The amendment creates a new class of people subject to this prohibition and adds new authority to both the A.G. and D.A. Sections 2 and 3 both place new duties and directives on OSBI and OSDH respectively. Section 4 is a very broad sweeping provision that provides for substantial civil as well as criminal penalties for any violation of any statute contained in 63 O.S. 2011 §§1-737.7 to 1-737.16.

¶13 We reject defendants' arguments and find this legislation violates the single subject rule as each of these sections is so unrelated and misleading that a legislator voting on this matter could have been left with an unpalatable all-or-nothing choice.[15] The heart of the single subject rule is to insure constitutional protection that each piece of legislation enacted is worthy of the approval of the voter and to prevent the enactment of unpopular provisions by logrolling or attaching it to a favorable bill. We also find this legislation violates the single subject rule under Oklahoma Capitol, supra., as it delegates authority to three different state agencies.

'Comprehensive' Legislation Is Not Determinative of Whether a Bill is
Constitutional Under Okla. Const. art. 5, §57.

¶14 Although we have already concluded that this legislation fails for violating the single subject rule, we will briefly address defendants' second contention. Defendants assert that SB 642 is simply comprehensive legislation, and that this Court has found that comprehensive legislation does not necessarily violate Okla. Const. art. 5, §57. In this loosely reasoned argument, the State relies on Coates v. Fallin, 2013 OK 108, 316 P.3d 924, (hereinafter "Coates") and Thomas v. Henry, 2011 OK 53, 260 P.3d 1251, (hereinafter "Thomas"). Defendants' position is not supported by these cases.

¶15 Defendants' interpretation of Coates is misleading and not in accord with this Court's findings and narrow pronouncement in this published order. The central constitutional challenge in Coates was whether Senate Bill 1062, 2013 Okla. Sess. Laws, Ch. 208, (SB 1062), as a multiple subject bill, violated Okla. Const. art. 5, §57. SB 1062 repealed the Workers' Compensation Code,[16] replacing it with three separate acts.[17] The petitioner in Coates urged enacting legislation with three separate acts was unconstitutional logrolling under art., 5 §57. We examined SB 1062 under the guidance of Thomas, supra., emphasizing, the relevant inquiry is not how many acts are in a particular bill, but rather whether the multiple parts reflect a common closely akin theme or purpose. The analysis of this bill revealed that all sections related to the common theme of workers' compensation or the protection of workers against work-related injuries. This Court decreed SB 1062 did not violate the single subject rule.[18] The focus of the inquiry is not the number of sections in a particular bill, but rather whether the multiple parts reflect a common, closely akin theme or purpose. Coates does not stand for the proposition proffered by defendants, that comprehensive legislation does not violate the single subject rule. Whether or not legislation is comprehensive is not the determinative factor for constitutional challenge under art. 5, §57. We reject defendants' argument on this point.

¶16 The State also relies on Thomas, supra. for the same principle. Their reliance on this case for the proposition that comprehensive legislation does not violate the single subject rule is likewise misplaced. Thomas incorporated the same principles already enumerated in this opinion for determining if legislation is germane, relative and cognate. In fact, we clearly stated, "[t]he question is not how similar two provisions in a proposed law are, but whether it appears either that the proposal is misleading or that the provisions in the proposal are so unrelated that many of those voting on the law would be faced with an unpalatable all-or-nothing choice." Thomas, 2011 OK 53, ¶26, 260 P.3d 1251, 1260.

This Court Previously Struck Down Comparable Abortion Legislation as
Violating the Single Subject Rule

¶17 The legislation before us is indistinguishable from legislation we determined violated the single subject rule in Nova Health, supra.[19] In Nova Health, we examined the "Freedom of Conscience Act" and its multiple sections. Most sections in the Freedom of Conscience Act contained some reference to abortion procedures. However, a common connection or theme is not sufficient to satisfy the single subject rule where the legislation is potentially misleading or leaves the Legislature with an all-or-nothing choice.[20]

¶18 We find that each of the four sections of SB 642, lack a common purpose and are not germane, relative and cognate. Although each section relates in some way to abortion, the broad sweep of each section does not cure the single subject defects in this bill. Although defendants urge that SB 642 does not constitute logrolling, we find the provisions are so unrelated that those voting on this bill were faced with a constitutionally prohibited all-or-nothing choice to ensure the passage of favorable legislation.

CONCLUSION

¶19 We conclude that SB 642 contains different and unrelated purposes contrary to the single subject requirement of Okla. Const., art. 5, §57. Although we understand the power of the Legislature in enacting new laws, we are bound to uphold our Constitution. SB 642 is unconstitutional and void.

TRIAL COURT'S ORDER GRANTING DEFENDANTS' 
CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS REVERSED;
CAUSE REMANDED FOR FURTHER PROCEEDINGS 
CONSISTENT WITH TODAY'S PRONOUNCEMENT

REIF, C.J., WATT, WINCHESTER, EDMONDSON, COLBERT, JJ. - CONCUR

COMBS, V.C.J., KAUGER, TAYLOR, GURICH, JJ. - CONCURRING SPECIALLY

FOOTNOTES

[1] Larry Burns, D.O., Petitioner, v. Terry L. Cline, in his official capacity as Oklahoma Commissioner of Health, and Greg Mashburn, in his official capacity as District Attorney for Cleveland, Garvin and McClain Counties, Respondents, Case No. 114,312, filed September 25, 2015.

[2] See, Corrected Order, filed October 28, 2015, "Original jurisdiction is assumed. The enforcement of Senate Bill 642, which amends 63 O.S. §1-740.4b, and enacts 63 O.S. §§1-749, 1-749.1 and 1-750, is stayed for 30 days from the date of this order. If, within that 30 days, the petitioner files a petition for declaratory and injunctive relief in the Oklahoma County District Court, and notifies this Court of the filing of the petition, the stay shall continue in effect. If no petition is filed, the stay shall be dissolved. This Court does not express any opinion on the constitutionality of Senate Bill 642 at this time."

[3] See, Order, Case No. 114,312, filed November 16, 2015, "Petitioner's motion to continue stay in effect is granted. The Court notes that petitioner has filed a petition in the Oklahoma County District Court on November 3, 2015, in Burns v. Cline, case no. CV-2015-2050. This Court's stay of the enforcement of Senate Bill 642 remains in effect until further order from this Court".

[4] The Oklahoma Constitution , art. 5, §57 provides:

Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length: Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof.

[5] Fent v. Fallin, 2013 OK 107, ¶ 4, 315 P.3d 1023, 1025 (citation omitted).

[6] Id.

[7] Fent v. State ex rel. Oklahoma Capitol Improvement Authority, (hereinafter "Oklahoma Capitol"), 2009 OK 15, ¶ 14, 214 P.3d 799, 804 (citations omitted)

[8] In re County Commissioners of Counties Comprising Seventh Judicial Dist.,1908 OK 207, 98 P. 557.

[9] Oklahoma Capitol, 2009 OK 15, ¶ 15, 214 P.3d 799, 804-805 (citation omitted).

[10] See Record, Defendants' Combined Response to Plaintiff's Motion for Summary Judgment, and Defendants' Cross-Motion for Summary Judgment.

[11] See, SB 642, Oklahoma State Bureau of Investigation, Oklahoma State Board of Health and the Oklahoma Attorney General.

[12] Oklahoma Capitol, 2009 OK 15, ¶16, 214 P.3d at 805.

[13] Id.

[14] Oklahoma Capitol, 2009 OK 15, ¶ 15, 214 P.3d 799, 804-805 (citation omitted).

[15] Oklahoma Capitol, 2009 OK 15, ¶16, 214 P.3d at 805.

[16] 85 O.S. 2011, §301 et seq.

[17] Administrative Workers' Compensation Act, 85A O.S. Supp.2014 §301 et seq., Oklahoma Employee Injury Benefit Act, 85A O.S. Supp.2014, 201, et seq., and the Workers' Arbitration Compensation Act, 85A O.S. Supp.2014 §301 et seq.

[18] This Court specifically noted that "[u]ntil such time as a case or controversy or a justiciable issue is presented to this Court, we are without jurisdiction to rule further with regard to the Act." Coates, 2013 OK 108, ¶3, 316 P.3d 924, 925.

[19] This Court resolved the issues in Nova by a "Disposition by Order" .

[20] See, Nova Health, 2010 OK 21, 233 P.3d 380, footnote 5, "The choice, often known as 'Hobson's choice' is an apparently free choice that offers no real alternative; in the parlance of our times, a 'take it or leave it'. The phrase finds its origin in the practice of an English livery stable proprietor named Thomas Hobson, ... who required that his customers choose the horse nearest the stable door or none at all." (Citation omitted).

 

COMBS, V.C.J., concurring specially, with whom KAUGER, TAYLOR, and GURICH, JJ., join:

¶1 I agree with the majority's conclusion that Senate Bill No. 642, 2015 Okla. Sess. Laws c. 387 (SB 642) is unconstitutional, not only because it violates Okla. Const. art. 5, § 57, but also because it continues to place undue burdens on access to abortion under the guise of protecting the health of women.[1] The United States Supreme Court ruling in Planned Parenthood of Southeastern Pa. v. Casey, 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992), reinforced by Whole Woman's Health v. Hellerstedt, __ U.S. __, 136 S.Ct. 2292, 195 L.Ed.2d 665 (2016), requires lower courts consider the burdens a law imposes on abortion access together with the benefits the law confers. Hellerstedt, 136 S.Ct. at 2309. By virtue of the Supremacy Clause, we are bound by the decisions of the United States Supreme Court with respect to the federal Constitution and federal law, and we must pronounce rules of law that conform to extant Supreme Court jurisprudence. Akin v. Missouri Pacific Railroad Co., 1998 OK 102, ¶30, 977 P.2d 1040; United States v. Home Fed. S. & L. Ass'n of Tulsa, 1966 OK 135, ¶18, 418 P.2d 319.

¶2 The Supremacy Clause of the United States Const. art. VI, cl. 2 provides:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

Additionally, Okla. Const. art. 1, § 1 requires compliance with federal constitutional law on issues of federal law, and provides:

The State of Oklahoma is an inseparable part of the Federal Union, and the Constitution of the United States is the supreme law of the land.

In In re Initiative Petition No. 349, State Question No. 642, 1992 OK 122, ¶13, 838 P.2d 1, this Court stated:

We are doubly bound to uphold the law of the land. Our limited role, like the role of all state courts in such cases, is to apply federal constitutional law, not to make it nor to guess what it may become. By virtue of our constitutional oath of office, we have solemnly sworn to uphold the Constitution of the United States. (Footnotes omitted).

¶3 SB 642 is constitutionally infirm not only because it violates Okla. Const. art. 5, § 57, but also because it violates the standard set by the Supreme Court of the United States in Casey, and more recently revisited in Hellerstedt. In Casey, 505 U.S. at 878, a plurality of the Court concluded a provision of law is constitutionally invalid if the purpose or effect of the provision is to place a substantial obstacle in the path of a woman seeking an abortion before the fetus attains viability. The United States Supreme Court also stated: "[u]nnecessary health regulations that have the purpose or effect of presenting a substantial obstacle to a woman seeking an abortion impose an undue burden on the right." Casey, 505 U.S. at 878.

¶4 In Hellerstedt, the United States Supreme Court revisited the rule recognized by the plurality in Casey, and applied it to a Texas statute directly regulating abortion providers. The Court examined two provisions: 1) an admitting privileges requirement that effectively required physicians providing abortions to have admitting privileges at a hospital within 30 miles; and 2) a surgical-center requirement mandating abortion facilities meet the minimum standards for ambulatory surgery centers under Texas law. Hellerstedt, 136 S.Ct. at 2300. After a detailed analysis, the United States Supreme Court determined neither provision conferred medical benefits sufficient to justify the burdens upon access that each imposed, and therefore each violated the Federal Constitution, Amdt. 14, § 1. Hellerstedt, 136 S.Ct. at 2300, 2309-2318. This binding precedent, mandates our review of the provisions of SB 642 to determine whether the provisions confer medical benefits sufficient to justify the burdens on access imposed by their terms.

¶5 SB 642 contains four provisions that subject abortion providers to new requirements, and penalize them substantially for violations. Section 1 of SB 642 amends 63 O.S. 2011 § 1-740.4b, making it a felony when a person "intentionally causes, aids, abets or assists an unemancipated minor to obtain an abortion without the consent required by Section 1-740.2 of this title." Further, Section 1 amends 63 O.S. 2011 § 1-740.4b to grant broad powers to the Attorney General, a district attorney, or any person adversely affected to enjoin conduct in violation of that section. The inclusion of such all-inclusive power to enforce to any person adversely affected greatly expands the threat of litigation to a limited very specific profession in a method not heretofore seen.

¶6 Section 2 of SB 642 creates a new section of law, to be codified at 63 O.S. § 1-749, authorizing the Oklahoma State Bureau of Investigation to create a new forensic protocol for statutory rape investigations and requiring abortion providers to preserve fetal tissue when an abortion is performed on a minor less than 14 years of age. Section 2 further declares that failure to comply with the new section or resulting rules is both: 1) unprofessional conduct; and 2) a felony. This provision forces a limited section of health care providers to become agents of law enforcement and failure to perform these requirements would lead to both professional discipline and a violation of criminal law. What other areas of the medical profession have such far reaching requirements?

¶7 Most troubling are Sections 3 and 4 of SB 642. Section 3 adds a new section of law to be codified at 63 O.S. § 1-749.1, granting sweeping authority to the State Board of Health to promulgate policies and procedures for conducting licensure and re-licensure inspections of abortion facilities. Section 3 further grants the State Commissioner of Health inspection authority, and provides in pertinent part:

C. If the State Commissioner of Health determines that there is reasonable cause to believe a licensee, licensed abortion facility or abortion facility that is required to be licensed in this state is not adhering to the requirements of Section 1-729a et seq. of Title 63 of the Oklahoma Statutes, local fire ordinances or rules or any other law, administrative rule or regulation relating to abortion, the Commissioner and any duly designated employee or agent of the Commissioner including employees of county or city-county health departments and county or municipal fire inspectors, consistent with standard medical practices, may enter on and into the premises of the licensee, licensed abortion facility or abortion facility that is required to be licensed in this state during regular business hours of the licensee or abortion facility to determine compliance with the provisions of Section 1-729a et seq. of Title 63 of the Oklahoma Statutes, local fire ordinances or rules, and any other law, administrative rule or regulation relating to abortion.

Additionally, Section 3 provides for the closure of abortion facilities that fail to comply with any of the new requirements, as well as existing ones:

E. If an inspection or investigation conducted pursuant to this section reveals that an applicant, licensee or licensed abortion facility is not adhering to the requirements of this section, the provisions of Title 1-729a et seq. of Title 63 of the Oklahoma Statutes, local fire ordinances or rules and any other law, administrative rule or regulation relating to abortion, the Commissioner may take action to deny, suspend, revoke or refuse to renew a license to operate an abortion facility.

¶8 Section 4 of SB 642 also creates a new section of law, to be codified at 63 O.S. § 1-750. This provision is primarily punitive, and punishes any person who intentionally, knowingly or recklessly violates "any provision or requirement of this act, Section 1-729a et seq. of Title 63 of the Oklahoma Statutes or any regulation adopted under Section 1-729a et seq. of Title 63 of the Oklahoma Statutes." Section 4 makes such a violation a felony, and subject to a civil penalty or a fine up to $100,000.00.

¶9 Sections 3 and 4 of SB 642 both reference 63 O.S. § 1-729a, which regulates termination of pregnancy through the use of certain medications. Section 4 provides severe penalties for any intentional, knowing or reckless violation of 63 O.S. § 1-729a. The constitutionality of the bill which most recently modified 63 O.S. § 1-729a (2014 Okla. Sess. Laws c. 121, 375-80 (HB 2684)), was considered by this Court in Okla. Coal. for Repro. Justice v. Cline, 2016 OK 17, 368 P.3d 1278. While I agreed with the majority's determination that the bill was not unconstitutional on the narrow grounds the Court considered, I wrote separately to emphasize the dangerous line the Legislature insisted on walking. I noted, specifically, that "[w]hile H.B. 2684 does not prohibit all medication abortions, it nonetheless binds Oklahoma physicians and their patients to the FDA's final printed labeling, regardless of whether evidence and the judgment of the medical community indicate it is not the best method for providing medication abortion." Cline, 2016 OK 17, ¶2 (Combs, V.C.J., concurring specially). I also noted that little had changed in the statute from its prior incarnation, which this Court previously considered:

In Cline II, 2013 OK 93, this Court examined a prior statute requiring adherence to the FDA's final printed labeling for abortion-inducing drugs. We noted with disapproval the law's drastic interference in the role of physicians and agreed with the determination of the district court that restricting the use of abortion-inducing drugs to the regime in the final printed labeling "'is so completely at odds with the standard that governs the practice of medicine that it can serve no purpose other than to prevent women from obtaining abortions and to punish and discriminate against those who do.'" Cline II, 2013 OK 93, ¶27 (quoting Okla. Coal. for Repro. Justice v. Cline, No. CV-2011-1722, slip op., ¶7 (Dist. Ct. Okla. Cnty. May 11, 2012)). H.B. 2684 requires adherence to a protocol in contravention of prevailing medical standards; one that simultaneously shrinks the window in which medication abortion is accessible to the women of Oklahoma. This Court's above-quoted statement from Cline II remains apt.

Cline, 2016 OK 17, ¶4 (Combs, V.C.J., concurring specially).

¶10 The Legislature's substitution of its judgment for that of physicians concerning best practices by requiring adherence to a protocol in contravention of prevailing medical standards, is troubling. With SB 642, any intentional deviation from that protocol becomes a felony, and subjects providers to closure and a potentially enormous fine. Further, there are other pitfalls that arise with any required adherence to 63 O.S. Supp. 2014 § 1-729a because it has potentially become unclear what protocol physicians are required to follow. Section 1-729a contains a findings component that notes specific details of the FDA's original final printed labelling for Mifeprex, an abortion-inducing drug. For example, 63 O.S. Supp. 2014 § 1-729a(A)(4) provides:

As approved by the FDA, and as outlined in the Mifeprex final printed labeling (FPL), an abortion by mifepristone consists of three two-hundred-milligram tablets of mifepristone taken orally, followed by two two-hundred-microgram tablets of misoprostol taken orally, through forty-nine (49) days LMP (a gestational measurement using the first day of the woman's "last menstrual period" as a marker). The patient is to return for a follow-up visit in order to confirm that the abortion has been completed. This FDA-approved protocol is referred to as the "Mifeprex regimen" or the "RU-486 regimen"

However, the FDA changed these requirements on March 29, 2016, when it approved a supplemental application by the company that markets Mifeprex. Questions and Answers on Mifeprex, March 30, 2106, http://www.fda.gov/Drugs/DrugSafety/PostmarketDrugSafetyInformationforPatientsandProviders/ucm492705.htm.[2] The findings contained in 63 O.S. Supp. 2014 § 1-729a are no longer in accord with the current FDA label, which has changed in several ways, including but not limited to: 1) permitting use through 70 days' gestation instead of 49; 2) specifying a single 200mg dose on day one instead of three; 3) and allowing home administration of Misoprostol. Mifeprex Label, 2016, Ref. ID: 3909592, available at http://www.accessdata.fda.gov/drugsatfda_docs/label/2016/020687s020lbl.pdf.

¶11 Sections 3 and 4 of SB 642 compel compliance with 63 O.S. Supp. 2014 § 1-729a, with providers facing closure and potentially a felony for failing to comply. Meanwhile, the detailed findings of 63 O.S. Supp. 2014 § 1-729a (based on the outdated FDA final printed labelling) which are used to justify adherence to the FDA final printed labelling, are now not only at odds with the prevailing standard of care but also at odds with the current FDA-approved regime itself. This raises the specter of substantial ambiguity in a statute that abortion providers will be forced to adhere to lest they be subjected to strict penalties.

¶12 While the articulated goal of SB 642 is to protect the health of women, it creates an open-ended array of regulatory hurdles that subject practitioners to harsh penalties for any potential violation. It is an inescapable conclusion that SB 642 will make it considerably more difficult for providers to operate, and accordingly will make it more difficult for the women of Oklahoma to exercise their federally-recognized constitutional right to control their own reproductive futures. I would find SB 642 unconstitutional not only because it violates Okla. Const. art. 5, § 57, but also because it places an undue burden on the right of women to choose. Hellerstedt, 136 S.Ct. at 2300; Casey, 505 U.S. at 874.

FOOTNOTES

[1] In public law controversies, this Court is free to decide a case on all dispositive issues, regardless of whether they were tendered below. Ashikian v. State ex rel. Okla. Horse Racing Comm'n, 2008 OK 64, ¶17 n.45, 188 P.3d 148; Davis v. GHS Health Maint. Org., Inc., 2001 OK 3, ¶¶25-26, 22 P.3d 1204; Simpson v. Dixon, 1993 OK 71, ¶26 n.55, 853 P.2d 176. Accordingly, this Court is not limited to Appellant's claim concerning Okla. Const. art. 5, § 57 if the record compels a conclusion that SB 642 is unconstitutional on other grounds. See Simpson, 1993 OK 71, ¶26.

[2] Title 12 O.S. 2011 § 2202 permits the courts to take judicial notice of facts whether requested or not, which are not subject to dispute when they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Actions taken by the FDA and disclosed on its own website present such a situation. As the United States Court of Appeals for the Tenth Circuit has pointed out, it is not uncommon for courts to take judicial notice of factual information found on the World Wide Web. O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1225 (10th Cir. 2007).






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1992 OK 122, 838 P.2d 1, 63 OBJ 2386, Initiative Petition No. 349, State Question No. 642, In re
Discussed
 2001 OK 3, 22 P.3d 1204, 73 OBJ 156, DAVIS v. GHS HEALTH MAINTENANCE ORGANIZATION, INC.
Discussed
 1993 OK 71, 853 P.2d 176, 64 OBJ 1721, Simpson v. Dixon
Discussed at Length
 1908 OK 207, 98 P. 557, 22 Okla. 435, In re COUNTY COM'RS OF COUNTIES COMPRISING SEVENTH JUDICIAL DIST.
Discussed
 1966 OK 135, 418 P.2d 319, UNITED STATES v. HOME FED. S. & L. ASS'N OF TULSA
Discussed
 2006 OK 45, 142 P.3d 400, IN RE: INITIATIVE PETITION NO. 382, STATE QUESTION NO. 729
Discussed
 2008 OK 64, 188 P.3d 148, ASHIKIAN v. STATE ex rel. OKLAHOMA HORSE RACING COMM.
Discussed
 2009 OK 15, 214 P.3d 799, FENT v. STATE ex rel. OKLAHOMA CAPITOL IMPROVEMENT AUTHORITY
Discussed at Length
 2010 OK 21, 233 P.3d 380, NOVA HEALTH SYSTEMS v. EDMONDSON
Discussed at Length
 2011 OK 53, 260 P.3d 1251, THOMAS v. HENRY
Discussed at Length
 2013 OK 37, 302 P.3d 789, DOUGLAS v. COX RETIREMENT PROPERTIES, INC.
Discussed at Length
 2013 OK 93, 313 P.3d 253, CLINE v. OKLAHOMA COALITION FOR REPRODUCTIVE JUSTICE
Discussed
 2013 OK 108, 316 P.3d 924, COATES v. FALLIN
Discussed at Length
 2013 OK 107, 315 P.3d 1023, FENT v. FALLIN
Discussed
 2016 OK 15, 368 P.3d 1270, OLIVER v. HOFMEISTER
Discussed
 2016 OK 17, 368 P.3d 1278, OKLAHOMA COALITION FOR REPRODUCTIVE JUSTICE v. CLINE
Discussed at Length
 1998 OK 102, 977 P.2d 1040, 69 OBJ 3512, Akin v. Missouri Pacific Railroad Co.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2202, Judicial Notice of Adjudicative Facts
Cited
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 1-740.4b, Criminal Violations - Penalties - Defenses - Civil Liability - Injunction
Discussed at Length
 63 O.S. 1-729a, Legislative Findings - Regulation of Mifepristone RU-486 and Abortion-Inducing Drugs
Discussed at Length
 63 O.S. 1-737.7, Short Title
Discussed at Length
 63 O.S. 1-749, Abortion on Minor Less Than Fourteen Years of Age
Discussed
 63 O.S. 1-749.1, Inspections and Investigations of Facilities - Complaints - Denial, Suspension, or Revocation of License
Discussed
 63 O.S. 1-750, Criminal and Civil Penalties for Violations
Cited
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 301, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 301, Arbitration Agreements - Validity
Discussed